JENNIFER S. ROMANO (SBN 195953)
jromano@crowell.com
MARGARET C. GOMES (SBN 301929)
mgomes@crowell.com
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, California 90071
Phone: (213) 622-4750
Fax: (213) 622-2690

MICHAEL W. LIEBERMAN (admitted *pro hac vice*)
mlieberman@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Phone: (202) 624-2500
Fax: (202) 628-5116

JARED L. FACHER (admitted *pro hac vice*)
jfacher@crowell.com
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY 10022
Phone: (212) 223-4000
Fax: (212) 223-4134

Attorneys for Defendants
UNITEDHEALTHCARE INSURANCE COMPANY, et al.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

| | |
|---|---|
| JANE SMITH, on her behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITEDHEALTHCARE INSURANCE COMPANY and UNITED BEHAVIORAL HEALTH,<br><br>Defendants. | Case No. 4:18-cv-06336-HSG<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**CLASS ACTION**<br><br>Date:   Thursday, March 21, 2019<br>Time:   2:00 p.m.<br>Judge:  Hon. Haywood S. Gilliam, Jr. |

CROWELL
& MORING LLP
ATTORNEYS AT LAW

CASE NO. 4:18-CV-06336-HSG
DEFENDANTS' NOTICE OF MOTION AND MOTION
TO DISMISS

**TABLE OF CONTENTS**

Page(s)

I. INTRODUCTION ................................................................................................................ 2

II. FACTUAL BACKGROUND ............................................................................................. 3

    A. Plaintiff's Allegations ............................................................................................ 3

    B. Procedural Background ......................................................................................... 4

III. STANDARD OF REVIEW ............................................................................................... 4

IV. ARGUMENT ..................................................................................................................... 5

    A. Plaintiff's Count I (MHPAEA) Claims Should Be Dismissed. ............................. 5

        1. Plaintiff's Allegations Regarding a Financial Requirement or Quantitative Treatment Limitation (QTL) Should Be Dismissed. ................... 6

        2. Plaintiff Has Not Stated A Claim For A MHPAEA Violation. ................... 8

        3. Plaintiff Has Not Identified A Mental Health Treatment Limitation Applied More Stringently Than For A Comparable Medical Benefit. ...................... 9

    B. Count II Should Be Dismissed Because Section 2706 of the ACA Does Not Provide A Private Right of Action. ........................................................................ 10

    C. Counts III and IV (Plaintiff's Equitable Claims) Should Be Dismissed Because There Is No Predicate Violation of ERISA. .......................................................... 12

V. CONCLUSION ................................................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*A.Z. by & through E.Z. v. Regence Blueshield*,
   No. C17-1292 TSZ, 2018 WL 3769810 (W.D. Wash. Aug. 9, 2018) ......................................11

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...........................................................................................................4, 5

*Ass'n of N.J. Chiropractors, Inc. v. Horizon Healthcare Servs., Inc.*,
   No. 16-08400 (FLW), 2017 WL 2560350 (D.N.J. June 13, 2017) ...................................11, 12

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ...............................................................................................................4

*B.R. v. Beacon Health Options*,
   No. 16-CV-04576-MEJ, 2017 WL 5665667 (N.D. Cal. Nov. 27, 2017) ............................8, 10

*Bushell v. UnitedHealth Grp. Inc.*,
   No. 17-CV-2021 (JPO), 2018 WL 1578167 (S.D.N.Y. Mar. 27, 2018) ..................................9

*Cal. Trucking Ass'n v. Su*,
   903 F.3d 953 (9th Cir. 2018) ..............................................................................................3, 5

*Dominion Pathology Labs., P.C. v. Anthem Health Plans of Va., Inc.*,
   111 F. Supp. 3d 731, 736 (E.D. Va. 2015) ............................................................................11

*Fifth Third Bancorp v. Dudenhoeffer*,
   134 S. Ct. 2459 (2014) ...........................................................................................................5

*Grossman v. Directors Guild of Am., Inc.*,
   No. EDCV 16-1840-GW(SPx), 2017 WL 5665024 (C.D. Cal. Mar. 6, 2017) ........................11

*Harris Trust & Sav. Bank v. Salomon Smith Barney, Inc.*,
   530 U.S. 238 (2000) .............................................................................................................12

*Jane Doe v. UnitedHealth Group, Inc.*,
   Civ. Action No. 17-cv-4160 (E.D.N.Y.) ................................................................................4

*United States v. Jaramillo*,
   69 F.3d 388 (9th Cir. 1995) ...................................................................................................7

*Landers v. Quality Commc'ns, Inc.*,
   771 F.3d 638 (9th Cir. 2014), (Jan. 26, 2015) ........................................................................8

*Michael P. v. Aetna Life Ins. Co.*,
   No. 16-cv-00439-DS, 2017 WL 4011153 (D. Utah Sept. 11, 2017) ......................................9

*Roy C. v. Aetna Life Ins. Co.*,
  No. 2:17-CV-1216, 2018 WL 4511972 (D. Utah Sept. 20, 2018) .................................. 5, 8, 10

*Soo Park v. Thompson*,
  851 F.3d 910 (9th Cir. 2017) ............................................................................................ 3, 5

*Texaco Inc. v. United States*,
  528 F.3d 703 (9th Cir. 2008) ................................................................................................ 7

*Vorpahl v. Harvard Pilgrim Health Ins. Co.*,
  No. 17-CV-10844-DJC, 2018 WL 3518511 (D. Mass. July 20, 2018) ............................ 11, 12

*Welp v. Cigna Health & Life Ins. Co.*,
  No. 17-80237, 2017 WL 3263138 (S.D. Fla. July 20, 2017) .............................................. 5, 8, 9

**Federal Statutes**

29 U.S.C. § 1132(a)(1)(B) ............................................................................................................ 11

29 U.S.C. § 1132(a)(3) ........................................................................................................ *passim*

29 U.S.C. § 1185a ................................................................................................................ *passim*

42 U.S.C. § 300gg-5 ........................................................................................................ 10, 11, 12

42 U.S.C. § 300gg-5(a) ........................................................................................................... 10, 12

42 U.S.C. § 300gg-22(a)(2) .......................................................................................................... 10

**Regulations**

29 C.F.R. § 2590.712(a) ............................................................................................................ 6, 7

29 C.F.R. § 2590.712(c) ................................................................................................................ 6

29 C.F.R. § 2590.712(c)(4) ............................................................................................................ 9

29 C.F.R. § 2590.712(c)(4)(ii)(D) .................................................................................................. 6

78 Fed. Reg. 68240 .............................................................................................................. 6, 7, 9

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) .................................................................................. 1, 4

L.R. 7-4(a)(3) ................................................................................................................................. 1

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-iii-

CASE NO. 4:18-CV-06336-HSG
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

# NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on Thursday, March 21, 2019 at 2:00 p.m., or as soon thereafter as this matter may be heard, in the Ronald V. Dellums Federal Building and United States Courthouse, Courtroom 2, 4th Floor, 1301 Clay Street, Oakland, California, Defendants UnitedHealthcare Insurance Company and United Behavioral Health (collectively, "United") will and hereby do move this Court to dismiss Plaintiff's Complaint.

This motion is based on Federal Rule of Civil Procedure 12(b)(6), and on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the concurrently-filed Declaration of Margaret C. Gomes, all pleadings on file in this matter, and other matters as may be presented to the Court at the time of the hearing or otherwise.

## ISSUES TO BE DECIDED (L.R. 7-4(a)(3))

Whether Plaintiff's Complaint should be dismissed because:

1. She has failed to state Count I under the Employee Retirement Income Security Act of 1974 ("ERISA"), premised on violation of the Mental Health Parity and Addiction Equity Act ("MHPAEA"), because she has failed to allege facts that show a parity violation;

2. She has failed to state Count II under ERISA, premised on violation of Section 2706 of the Affordable Care Act ("the ACA"), because Section 2706 does not provide Plaintiff with a private right of action;

3. She has failed to state Counts III and IV for injunctive or other equitable relief under ERISA, 29 U.S.C. § 1132(a)(3), because Plaintiff has not pled a predicate violation of ERISA.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's Complaint (Dkt. No. 1, "Compl.") challenges the common sense practice that health plans reimburse health care providers with different training, experience, and licensure at different rates. Contrary to Plaintiff's suggestion, it is not unlawful for Defendants UnitedHealthcare Insurance Company ("UHIC") and United Behavioral Health ("UBH") (collectively, "United") to pay a social worker less than a licensed physician would be paid for the same service. Plaintiff's claims that this practice violates the Mental Health Parity and Addiction Equity Act ("MHPAEA"), 29 U.S.C. § 1185a, and Section 2706 of the Affordable Care Act ("ACA") are meritless and should be dismissed at the pleading stage for the following reasons:

*First*, Plaintiff's claim for violation of MHPAEA, (Count I) fails because the Complaint alleges only that her plan reimburses less for specific behavioral health services than for some unidentified medical/surgical services. Plaintiff does not identify a covered medical or surgical practice that is comparable to the reimbursement terms she challenges, as is required to state a claim under MHPAEA. Plaintiff also fails to allege that the purported difference in coverage results from a more stringent process to determine payment for behavioral health claims as compared to medical/surgical claims. Absent such facts, Plaintiff has not stated a viable claim for a parity violation. Count I should therefore be dismissed.

*Second*, Section 2706 of the ACA (Count II) does not provide a private right of action. Plaintiff therefore lacks standing to bring a claim under this statute. Count II should also be dismissed.

*Finally*, Plaintiff is not entitled to equitable relief under 29 U.S.C. § 1132(a)(3) absent an actionable underlying predicate violation of ERISA. Counts III and IV should be dismissed because they seek equitable relief for the purported wrongs set out in Counts I and II, neither of which are actionable based on the allegations in the Complaint.

## II.     FACTUAL BACKGROUND

### A.     Plaintiff's Allegations[1]

Plaintiff alleges that she is a participant in a fully-insured large group employer-sponsored health plan (the "Plan") issued by UHIC and governed by the Employee Retirement Income Security Act ("ERISA"). Compl. ¶¶ 6, 10/2, 15.[2] The terms of Plaintiff's Plan, as summarized in a certificate of coverage ("COC") issued by UHIC, include in- and out-of-network coverage for both medical and behavioral health services, including behavioral health services rendered by out-of-network psychologists and master's level counselors. *Id.* ¶¶ 15-17.[3]

Plaintiff received outpatient psychotherapy from an out-of-network licensed clinical social worker. *Id.* ¶ 7. Plaintiff asserts that, between January 2018 and June 2018, she submitted claims to United for coverage for psychotherapy services. *Id.* ¶¶ 8, 18.

Under the terms of Plaintiff's Plan, out-of-network benefits are determined based on an "Eligible Expense," which is the maximum amount of the provider's bill deemed eligible for reimbursement. *Id.* ¶ 9. Plaintiff contends that United pays psychologists 25% less and master's level counselors 35% less than what a physician is paid for psychotherapy services. *Id.* ¶¶ 9, 11/1, 24. As a result of this "policy," Plaintiff contends that she pays more out-of-pocket when she receives psychotherapy services from out-of-network non-physicians than from out-of-network physicians. *Id.* ¶¶ 11/1, 24.

Plaintiff brings this action on behalf of herself and a putative class (*see id.* ¶¶ 42-51) alleging that United's "policy" of lower reimbursement rates for out-of-network psychologists

---

[1] For purposes of this motion only, United accepts as true the facts pled in Plaintiff's Complaint, as the Court must do in analyzing this motion. *Soo Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017). United does not concede that any of these allegations are accurate. Neither United nor the Court is required at this stage to accept Plaintiff's legal conclusions. *See id.*; *see also Cal. Trucking Ass'n v. Su*, 903 F.3d 953, 957 n.2 (9th Cir. 2018).

[2] Plaintiff's Complaint contains two sets of paragraphs numbered 10 through 12 found at pages 3-4. For clarity, United will refer to these paragraphs as, for example, ¶ 10/1 or ¶ 10/2.

[3] United's "network" is the group of providers with whom United has contracted, often for payment at discounted rates. Provider networks enable United to reduce costs by negotiating favorable payment terms, selecting cost effective providers, and creating financial incentives for efficient and high quality practice by providers. Out-of-network providers generally do not have a contract establishing rates for health care services.

and master's level counselors compared to physicians violates MHPAEA (Count I) and Section 2706 of the ACA (Count II). *Id.* ¶¶ 52-61. In the alternative, Plaintiff seeks equitable relief under ERISA for these alleged violations (Counts III and IV). *Id.* ¶¶ 62-65. Plaintiff requests that the Court enjoin United from paying out-of-network psychologists and master's levels counselors at lower rates than physicians, reprocess claims "wrongfully denied," and provide other equitable relief as appropriate. *Id.* at 16 (Prayer for Relief).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), United now seeks dismissal of each Count of Plaintiff's Complaint.

### B.  Procedural Background

This is the second class action asserted against UHIC regarding reimbursement reductions for psychologists and master's level counselors. The first action, brought by a plaintiff represented by the same counsel representing the Plaintiff in this case, is captioned *Jane Doe v. UnitedHealth Group, Inc.*, Civ. Action No. 17-cv-4160 (E.D.N.Y.). *See* Gomes Decl., Ex. A, *Jane Doe* Complaint.[4] In *Jane Doe*, the defendants moved for, and the Court granted, dismissal of UHIC and various other defendants at the pleading stage, leaving only Oxford Health Insurance, Inc. as a defendant. *See* Gomes Decl., Ex. B, Mem. and Order from *Jane Doe* (Aug. 20, 2018). The *Jane Doe* Court also dismissed various substantive counts, including plaintiff's claim for violation of Section 2706 of the Affordable Care Act. *Id.* The *Jane Doe* Court is currently considering whether to grant leave to the *Doe* plaintiff to amend her pleading. The instant case asserts similar claims against UHIC, albeit through a new Plaintiff, and carves out of the proposed class "plans issued by Oxford Health Insurance, Inc." Compl. ¶ 45.

### III.  STANDARD OF REVIEW

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

---

[4] Exhibits are part of the concurrently-filed declaration of Margaret Gomes ("Gomes Decl.").

570 (2007)). While a court should accept as true all factual allegations in a complaint when considering a motion to dismiss, the same is not true of legal conclusions. *Id.* at 678; *see also Cal. Trucking Ass'n*, 903 F.3d at 957 n.2 ("The district court [i]s not required to accept the truth of any legal conclusions[.]"); *Soo Park*, 851 F.3d at 918 ("Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss.") (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not enough, nor are "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citation and alteration omitted). Courts considering class actions pled under ERISA are particularly directed to engage in a "careful, context-sensitive scrutiny" of a complaint's allegations prior to forcing the parties into costly discovery so the court can separate the "plausible sheep from the meritless goats." *Fifth Third Bancorp v. Dudenhoeffer*, 134 S. Ct. 2459, 2470-71 (2014). Against this standard, each of Plaintiff's claims should be dismissed.

## IV.   ARGUMENT

### A.   Plaintiff's Count I (MHPAEA) Claims Should Be Dismissed.

Plaintiff's first cause of action should be dismissed because Plaintiff has failed to plead the facts necessary to state a claim for violation of MHPAEA.

MHPAEA requires parity in the provision of benefits for mental health conditions as compared to medical/surgical benefits. To assert a viable cause of action based on MHPAEA, a plaintiff must: (1) identify a specific limitation in her plan applicable to behavioral health treatment; (2) identify services in the medical or surgical arena that are both covered under the plan and analogous to the specific behavioral health services at issue (*i.e.*, the challenged reimbursement terms); and (3) plausibly allege a disparity in the limitation criteria applicable to this analogous medical or surgical service as compared to the reimbursement terms. *See Welp v. Cigna Health & Life Ins. Co.*, No. 17-80237, 2017 WL 3263138, at *5-6 (S.D. Fla. July 20, 2017); *see also Roy C. v. Aetna Life Ins. Co.*, No. 2:17-CV-1216, 2018 WL 4511972, at *3 (D. Utah Sept. 20, 2018). Plaintiff fails to plead facts that plausibly demonstrate these essential elements of a parity claim.

### 1. Plaintiff's Allegations Regarding a Financial Requirement or Quantitative Treatment Limitation (QTL) Should Be Dismissed.

To analyze an alleged parity violation, the Court must first determine whether the treatment limitation is a financial requirement, quantitative treatment limitation (QTL), or nonquantitative treatment limitation (NQTL) under MHPAEA. 29 C.F.R. § 2590.712(a), (c). Plaintiff concedes that the reimbursement terms she challenges are an NQTL. *See* Compl. ¶ 33; *see also* Gomes Decl., Ex. B, *Jane Doe* Mem. and Order at 10 n. 6 (ruling identical language pled in *Doe* (*Doe* Compl. ¶ 87 (Gomes Decl., Ex. A)) pled a nonquantitative treatment limitation); *id.*, Ex. C, Mem. and Order on *Doe* Motion to Reconsider at 2-3 (same). Plaintiff claims, however, that she can simultaneously or alternatively plead that challenged reimbursement terms are also a financial requirement and QTL. This is incorrect as a matter of law.

As an initial matter, the challenged reimbursement terms are plainly an NQTL under the MHPAEA regulations. NQTLs are limitations that cannot be expressed numerically. *See* 29 C.F.R. § 2590.712(a). As Plaintiff acknowledges, this includes "standards for provider admission to participate in a network, including ***reimbursement rates***." MHPAEA Final Rules, 78 Fed. Reg. 68240, 68245 (emphasis added); 29 C.F.R. § 2590.712(c)(4)(ii)(D); *see also* Compl. ¶ 33. The Department of Labor's Employee Benefits Security Administration ("EBSA"), the agency tasked with enforcement of MHPAEA, echoed this determination in guidance issued earlier this year:

> While NQTLs are generally defined as treatment limitations that are not expressed numerically, the application of an NQTL in a numerical way does not modify its nonquantitative character. For example, standards for provider admission to participate in a network are NQTLs because such standards are treatment limitations that typically are not expressed numerically. *See* 29 C.F.R. § 2590.712 (c)(4)(ii), 45 C.F.R. § 146.136(c)(4)(ii). Nevertheless, these standards sometimes rely on numerical standards, for example, numerical reimbursement rates. In this case, the numerical expression of reimbursement rates does not modify the nonquantitative character of the provider admission standards; accordingly, standards for provider admission, including associated reimbursement rates to which a participating provider must agree, are to be evaluated in accordance with the rules for NQTLs.

April 23, 2018 EBSA's Self-Compliance Tool for [MHPAEA]. Here, the challenged conduct involves a reduction to reimbursement rates for behavioral health services rendered by out-of-network psychologists and licensed clinical social workers—an NQTL per the guidance above.

It does not, by contrast, involve a financial requirement or QTL under MHPAEA. Plaintiff alleges in paragraph 36 of her Complaint—a paragraph notably omitted from the initial *Doe* Complaint (*compare* Gomes Decl., Ex. A, *Doe* Compl. ¶¶ 86-90)—that the challenged reimbursement terms are "an illegal discriminatory financial requirement and a quantitative treatment limitation because it is a cap on units of services." *See* 29 C.F.R. § 2590.712(a) (defining QTLs as "limits on benefits based on the frequency of treatment, number of visits, days of coverage, [or] days in a waiting period," which "are expressed numerically (such as 50 outpatient visits per year)[.]"). According to Plaintiff, "[i]f Defendants cover only three out of four patient visits, the outcome is the same as if United covered each visit at 75% of the Eligible Expense." Compl. ¶ 36. Plaintiff's hypothetical breaks down, however, if United covered four of five visits (80%) or three of five visits (60%) at the same 75% reimbursement rate. And more importantly, the reimbursement terms Plaintiff challenges nowhere cap the number of services Plaintiff can receive from psychologists or counselors; rather, it may simply reduce the amount of reimbursement paid for each session. Under the law, the challenged reimbursement terms are an NQTL, not a financial requirement or QTL.

Moreover, the law makes clear that challenged conduct cannot simultaneously be an NQTL and a QTL or financial requirement. Under well-established principles of statutory construction the identification of "reimbursement rates" as NQTLs in the regulation excludes it from other categories. *See United States v. Jaramillo*, 69 F.3d 388, 390-91 (9th Cir. 1995) (recognizing that when particular language is included in one section of a statute but omitted from another, it is presumed the omission is intentional); *Texaco Inc. v. United States*, 528 F.3d 703, 710 (9th Cir. 2008) (noting that principles of statutory construction apply equally to interpreting regulations). Indeed, the MHPAEA Final Rules make clear that although both QTLs and NQTLs "operate to limit the scope or duration of mental health and substance use disorder benefits, ***they apply to such benefits differently***." *See* 78 Fed. Reg. 68240, 68245 (emphasis added).

///

///

///

By conceding that the challenged reimbursement terms are an NQTL (Compl. ¶ 33), Plaintiff effectively concedes as a matter of law that they are not a financial requirement or QTL. This Court should therefore dismiss Plaintiff's allegations classifying the challenged reimbursement terms as a financial requirement or QTL.[5]

### 2. Plaintiff Has Not Stated A Claim For A MHPAEA Violation.

Plaintiff's claim for an MHPAEA violation must also be dismissed because Plaintiff has not identified a covered medical or surgical practice that is comparable to the challenged reimbursement terms. *See Roy C.*, 2018 WL 4511972, at *3 (to state a claim under MHPAEA, "a plaintiff must allege a medical or surgical analogue that the plan treats differently than the disputed mental health or substance abuse services"); *see also Welp*, 2017 WL 3263138, at *6 ("[A]t the very least, a plaintiff must identify the treatments in the medical/surgical arena that are analogous to the sought-after mental health/substance abuse benefit[.]").

Here, the closest Plaintiff comes to a specific "medical or surgical analogue" is the vague statement that United imposes reimbursement penalties "on claims for coverage for psychotherapy services rendered by psychologists and master's level counselors" and that "[t]hese penalties are [not] equally imposed on comparable office-based medical/surgical care[.]" Compl. ¶ 5. Plaintiff merely identifies the type of service she received and then compares it to an unidentified "comparable" medical/surgical service. This is precisely the sort of threadbare, conclusory allegations expressly barred at the pleading stage by *Iqbal* and its progeny. *See Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 644 (9th Cir. 2014), *as amended* (Jan. 26, 2015) ("conclusory allegations that merely recite the statutory language" are inadequate to survive a motion dismiss). Count I of Plaintiff's Complaint should be dismissed on this ground alone. *See Roy C.*, 2018 WL 4511972, at *3 (granting judgment on the pleadings where plaintiffs "failed to sufficiently identify a comparison or analogue to [the sought-after mental health benefit] in the medical and surgical fields of treatment"); *B.R. v. Beacon Health Options,* No. 16-

---

[5] If the Court does not dismiss Count I in its entirety, it should at least strike Plaintiff's allegations that the challenged limitation is a financial requirement and QTL – *e.g.*, Compl. ¶ 36.

CV-04576-MEJ, 2017 WL 5665667, at *5 (N.D. Cal. Nov. 27, 2017) (dismissing MHPAEA claim where allegation was "purely conclusory," was not "based on factual information that makes the inference of culpability plausible," and where none "of the well-pleaded factual allegations in the [complaint] support this conclusory allegation") (citation omitted).

### 3. Plaintiff Has Not Identified A Mental Health Treatment Limitation Applied More Stringently Than For A Comparable Medical Benefit.

Count I should be dismissed for the independent reason that the Complaint does not allege "a flaw in th[e] [NQTL] based on a comparison to [the] relevant analogue." *Welp*, 2017 WL 3263138, at *5. To determine whether NQTLs are in parity, the Court determines whether the "processes, strategies, evidentiary standards, or other factors used" in applying the NQTL to behavioral health benefits in the relevant classification are ***comparable to***, and ***applied no more stringently than***, those used in applying the NQTL to medical/surgical benefits in that classification. 29 C.F.R. § 2590.712(c)(4).

MHPAEA regulations make clear that"[d]isparate results alone do not mean that the NQTLs in use do not comply with [MHPAEA] requirements." Final Rules, 78 Fed. Reg. 68240, 68245. For example, when a plan applies evidentiary standards to evaluate the medical necessity of a proposed treatment, "the plan is compliant with [MHPAEA] even if the application of the evidentiary standards does not result in similar numbers of visits, days of coverage, or other benefits utilized for mental health conditions or substance use disorders as it does for any particular medical/surgical condition." *Michael P. v. Aetna Life Ins. Co.*, No. 16-cv-00439-DS, 2017 WL 4011153, at *7 (D. Utah Sept. 11, 2017); *see also Bushell v. UnitedHealth Grp. Inc.*, No. 17-CV-2021 (JPO), 2018 WL 1578167, at *5 (S.D.N.Y. Mar. 27, 2018) ("[A]s long as the insurer applies [the] same *process*, it is not a problem if the resulting coverage decision differs for medical and mental-health treatments.").

Here, Plaintiff does not even attempt to show how the reimbursement policy is "flawed" in comparison to coverage for "office-based medical/surgical care." *Welp*, 2017 WL 3263138 at *6 (plaintiff must allege "at the very least" what the medical/surgical analogue is *and* that there is a disparity in limitation criteria across the two comparators). Plaintiff's Complaint is devoid of

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-9-

CASE NO. 4:18-CV-06336-HSG
DEFENDANTS' NOTICE OF MOTION AND MOTION
TO DISMISS

any allegations that the processes and factors used to apply a comparable medical/surgical policy are less stringent than the processes in applying behavioral health benefits—let alone facts regarding how these processes and factors differ. Absent facts alleging a difference between the processes used to develop and apply the analogous medical/surgical and behavioral health policies, Plaintiff has failed to state a claim under MHPAEA. *See B.R.*, 2017 WL 5665667, at *5-6 (dismissing MHPAEA claim where plaintiff's conclusory allegation of disparity in application of limitation criteria was devoid of factual allegations showing how plan applied this criteria).[6] [7]

### B. Count II Should Be Dismissed Because Section 2706 of the ACA Does Not Provide A Private Right of Action.

Count II should be dismissed because Section 2706 of the ACA (codified in 42 U.S.C. § 300gg-5) does not provide a private right of action.

Section 2706 provides that "[a] group health plan and a health insurance issuer offering group or individual health insurance coverage shall not discriminate with respect to participation under the plan or coverage against any health care provider who is acting within the scope of that provider's license or certification under applicable State law." 42 U.S.C. § 300gg-5(a). Section 2706 further states that only "the **Secretary** [of Health and Human Services] shall enforce" the terms of the section "with respect to health insurance issuers[.]" 42 U.S.C. § 300gg-22(a)(2) (emphasis added). By its plain language, the statute reserves enforcement authority to the Secretary; there is no mention of an enforcement mechanism for private litigants.

---

[6] In *B.R.*, the court acknowledged that the "specific facts regarding how [the plan] applies its [NQTL] for inpatient, out-of-network benefits in a comparable manner to mental health/substance abuse and medical/surgical benefits, might be facts peculiarly within [the defendant's] possession and control," but nonetheless dismissed the claim because the relevant allegations were purely conclusory and found no support in any of the well-pleaded factual allegations. 2017 WL 5665667, at *5-6.

[7] Defendants expect Plaintiff will point to the decision in *Jane Doe* where the Court allowed similar MHPAEA allegations to advance past the pleading stage. *See* Gomes Decl., Ex. B at 10. Decisions like *Roy C.* 2018 WL 4511972, at *3, and *B.R.*, 2017 WL 5665667, at *5-6, make clear, however, that Courts in this district and others apply more rigorously the requirement that plaintiffs identify at the pleading stage analogous and comparable policies to compare to the challenged conduct. Plaintiff's MHPAEA allegations fail against this more rigorous (and correct) standard.

Applying this plain language, multiple district courts, including two in this Circuit, have held that no private cause of action exists under Section 2706. *See A.Z. by & through E.Z. v. Regence Blueshield*, No. C17-1292 TSZ, 2018 WL 3769810, at *10 (W.D. Wash. Aug. 9, 2018); *Vorpahl v. Harvard Pilgrim Health Ins. Co.*, No. 17-CV-10844-DJC, 2018 WL 3518511, at *5 (D. Mass. July 20, 2018); *Ass'n of N.J. Chiropractors, Inc. v. Horizon Healthcare Servs., Inc.*, No. 16-08400 (FLW), 2017 WL 2560350, at *3-5 (D.N.J. June 13, 2017); *Grossman v. Directors Guild of Am., Inc.*, No. EDCV 16-1840-GW(SPx), 2017 WL 5665024, at *4-8 (C.D. Cal. Mar. 6, 2017); *cf. Dominion Pathology Labs., P.C. v. Anthem Health Plans of Va., Inc.*, 111 F. Supp. 3d 731, 736 (E.D. Va. 2015). The Court in *Jane Doe* also dismissed similar claims for the same reason. *See* Gomes Decl., Ex. B, Mem. and Order at 13-14; *compare also* Compl. ¶¶ 37-39, 58-61, *with* Gomes Decl., Ex. A, *Doe* Complaint at ¶¶ 94-96, 116-119.

As in *Jane Doe*, Plaintiff will likely assert that, notwithstanding the absence of a private right of action under Section 2706, she can nonetheless proceed under Section 2706 because "it has been incorporated into ERISA[.]" Compl. ¶ 37; *see also id.* ¶¶ 58-59. This is incorrect as a matter of law. Under ERISA's civil remedies scheme, a plan participant or beneficiary may bring a civil action to "recover benefits *due to him* under the terms of his plan, to enforce *his* rights under the terms of the plan, or to clarify *his* rights to future benefits under the terms of the plan[.]" 29 U.S.C. § 1132(a)(1)(B) (emphasis added). By its plain text, ERISA may only be used to enforce a right *of the health plan member*. ERISA does not create a private cause of action for plan members where Congress has determined by statute that enforcement authority should rest exclusively with government agencies.

The *Doe* court expressly rejected an argument that a plaintiff could bring a Section 2706 claim through ERISA. *See* Gomes Decl., Ex. B, Mem. and Order at 14 ("the plaintiff cannot seek to recover benefits under the ERISA, 29 U.S.C. § 1132 (a)(1)(B), for a violation of the ACA"). Other district courts have found the same. *See Vorpahl*, 2018 WL 3518511, at *5 ("framing the claim as an ERISA claim does not change the fact that Section 300gg-5 does not provide a private right of action"); *see also A.Z.*, 2018 WL 3769810, at *2, *10 (dismissing with prejudice claims brought under ERISA alleging violation of ACA). This Court should reject Plaintiff's attempt to

create a private remedy where one does not exist in Section 2706.

In addition, Section 300gg-5(a) – the language from Section 2706 relied upon by Plaintiff (Compl. ¶ 37) – is clearly intended for the protection of health care providers, not health plan members. The subsection expressly addresses "Providers," and the gravamen of the section prohibits providers from being excluded from participation in, or coverage under, a health plan. *See* 42 U.S.C. § 300gg-5(a); *see also Ass'n of N.J. Chiropractors*, 2017 WL 2560350, at *4 (recognizing the "language of § 2706 arguably is phrased in terms of benefitting providers"); *Vorpahl*, 2018 WL 3518511, at *4 ("Section 300gg-5 only prohibits an insurer from discriminating ***against a provider*** . . .") (emphasis added). Health plan members are not mentioned in the section, and it would not make sense to empower health plan members through ERISA to enforce statutory terms plainly meant to protect health care providers.

United is aware of no case holding that an ERISA plan member is a proper plaintiff to vindicate provider rights under Section 2706 of the ACA. It would usurp Congressional prerogative for this Court to establish a new private right of action for health plan members through ERISA that was not recognized by Section 2706 itself. Count II should therefore be dismissed with prejudice.

### C. Counts III and IV (Plaintiff's Equitable Claims) Should Be Dismissed Because There Is No Predicate Violation of ERISA.

Counts III and IV seek injunctive or other equitable relief under 29 U.S.C. § 1132(a)(3) "to the extent that the Court finds that the injunctive relief [or other equitable relief] sought [in other counts] is unavailable[.]" Compl. ¶¶ 63, 65. These counts fail because Plaintiff has not pled a predicate violation of ERISA. The U.S. Supreme Court has recognized that 29 U.S.C. § 1132(a)(3) "does not . . . authorize appropriate equitable relief at large, but only appropriate equitable relief for the purpose of redress[ing any] violations or . . . enforc[ing] any provisions of ERISA or an ERISA plan." *Harris Trust & Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 246 (2000) (internal quotations and citations omitted). Here, as discussed above, Plaintiff fails to state a plausible claim for violation of MHPAEA (Count I) or Section 2706 of the ACA (Count II). There can be no equitable or injunctive relief regarding these claims where there is no

1  properly pled underlying claim. Counts III and IV should thus also be dismissed.

2  **V.      CONCLUSION**

3　　For the forgoing reasons, United respectfully requests that the Court grant United's Motion and dismiss Plaintiff's Complaint.

Dated: December 10, 2018                          CROWELL & MORING LLP


　　　　　　　　　　　　　　　　　　　　　　　　 */s/ Jennifer S. Romano*
　　　　　　　　　　　　　　　　　　　　　　　　　  Jennifer S. Romano

　　　　　　　　　　　　　　　　　　　　　　　　　 Attorney for Defendants
　　　　　　　　　　　　　　　　　　　　　　 UNITEDHEALTHCARE INSURANCE COMPANY,
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　et al.