JENNIFER S. ROMANO (SBN 195953)
jromano@crowell.com
NARAIN KUMAR (SBN 301533)
nkumar@crowell.com
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, California 90071
Phone: (213) 622-4750
Fax: (213) 622-2690

MICHAEL W. LIEBERMAN (admitted *pro hac vice*)
mlieberman@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Phone: (202) 624-2500
Fax: (202) 628-5116

JARED L. FACHER (admitted *pro hac vice*)
jfacher@crowell.com
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY 10022
Phone: (212) 223-4000
Fax: (212) 223-4134

Attorneys for Defendant
UNITEDHEALTHCARE INSURANCE COMPANY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

JANE SMITH and JANE ROE, on behalf of themselves and all others similarly situated,

Plaintiff,

v.

UNITEDHEALTHCARE INSURANCE COMPANY and UNITED BEHAVIORAL HEALTH,

Defendants.

Case No. 4:18-cv-06336-HSG

**ANSWER OF DEFENDANT UNITED HEALTHCARE INSURANCE COMPANY TO AMENDED CLASS ACTION COMPLAINT**

CROWELL
& MORING LLP
ATTORNEYS AT LAW

CASE NO. 4:18-CV-06336-HSG
ANSWER OF UNITED HEALTHCARE
INSURANCE COMPANY TO AMENDED COMPLAINT

**ANSWER TO AMENDED CLASS ACTION COMPLAINT**

Defendant United Healthcare Insurance Company ("UHIC")[*], by and through its attorneys, answers the Amended Class Action Complaint ("Complaint") filed by Plaintiffs Jane Smith ("Smith") and Jane Roe ("Roe," together with Smith, "Plaintiffs") as follows:

*Answer to Footnote 1*:

UHIC admits that Plaintiffs have filed this action challenging Defendants' reimbursement for mental health services, though UHIC denies that it has "under-reimburse[d]" Plaintiffs or any other putative class member. UHIC also admits that Plaintiffs received permission from the Court to proceed under the pseudonyms Jane Smith and Jane Roe (*see* ECF Nos. 50, 62), and that they have disclosed their names and the name of Plaintiff Smith's employer to Defendants. UHIC lacks sufficient knowledge or information to admit or deny any remaining allegations in Footnote 1 of the Complaint, and therefore denies the allegations.

**<u>INTRODUCTION</u>**

1. Plaintiffs have not provided a title or other information sufficient to identify with specificity the sources it cites in Paragraph 1. UHIC therefore lacks sufficient knowledge to admit or deny the allegations as to the contents of these sources. To the extent a response is required, UHIC states that the cited documents speak for themselves, and denies any characterization of them. UHIC lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 1, and therefore denies the allegations.

2. Plaintiffs have not provided a title or other information sufficient to identify with specificity the sources it cites in Paragraph 2. UHIC therefore lacks sufficient knowledge to admit or deny the allegations as to the contents of these sources. To the extent a response is required, UHIC states that the cited documents speak for themselves, and denies any characterization of them. UHIC lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 2, and therefore denies the allegations.

[*] UHIC provides this answer only as to UHIC. For purposes of this Answer, UHIC will treat references to "United" or "Defendants" in the Complaint as references to UHIC. All responses correspond to the numbering of paragraphs in Plaintiffs' Complaint.

3. UHIC admits that it serves as a claims administrator for health plans, and that some of these plans are governed by ERISA. The allegation regarding coverage of "one in five Americans" is vague, and therefore UHIC cannot respond to this allegation as drafted. The remainder of Paragraph 3 states legal conclusions for which no response is required. To the extent a response is required, UHIC states that the terms of ERISA speak for themselves, and denies any characterization of them.

4. Paragraph 4 states legal conclusions for which no response is required. To the extent a response is required, UHIC states that the terms of the identified statutes speak for themselves, and denies any characterization of them.

5. UHIC denies the allegations in Paragraph 5.

6. UHIC admits that Plaintiff Smith was insured by a health insurance plan issued by UHIC, and that the plan is governed by ERISA. UHIC also admits that it administered certain benefits for Plaintiff Smith's plan.

7. UHIC admits that Plaintiff Smith submitted claims for certain services administered by a provider that is out-of-network. UHIC lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 7, and therefore denies these allegations.

8. UHIC admits that Plaintiff Smith submitted claims to United in 2018. UHIC also admits that Defendants properly processed and issued payments for certain claims submitted by Plaintiff Smith under Plaintiff Smith's plan. UHIC lacks sufficient knowledge to admit or deny whether Plaintiff Smith received treatment from her provider since 2016, and therefore denies these allegations on this basis. UHIC denies any remaining allegations in Paragraph 8.

9. UHIC admits that Plaintiff Roe is insured by a health insurance plan issued by UHIC, and that the plan is governed by ERISA. UHIC also admits that it administered certain benefits for Plaintiff Roe's plan.

10. UHIC admits that Plaintiff Roe submitted claims for certain services administered by a provider that is out-of-network. UHIC lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 10, and therefore denies these allegations.

11.     UHIC admits that Plaintiff Roe submitted claims to United since 2016. UHIC also admits that Defendants properly processed and issued payments for certain claims submitted by Plaintiff Roe under Plaintiff Roe's plan. UHIC denies any remaining allegations in Paragraph 11.

12.     UHIC admits that Plaintiff Smith's plan, and Plaintiff Roe's plan prior to October 1, 2018, contain a definition for "Eligible Expense" and contain the quoted language. UHIC states, however, that the terms of Plaintiffs' plans speak for themselves, and UHIC denies any characterization of them.

13.     UHIC denies the allegations in Paragraph 13.

14.     UHIC admits that it amended certain group plans in 2018, including Plaintiff Roe's, to provide that "ONET" benefits would be based on an "Allowed Amount." UHIC states, however, that the terms of Plaintiff Roe's plan speak for themselves, and otherwise denies Plaintiffs' characterization of the reason for this amendment. UHIC denies any remaining allegations in paragraph 14.

15.     UHIC admits that Defendants paid Plaintiffs' claims in accordance with their plan terms; UHIC denies any suggestion that amounts paid on claims were incorrect, and therefore denies the first sentence of Paragraph 15. The second sentence of Paragraph 15 states a counterfactual hypothetical to which no response is required. To the extent a response is required, UHIC lacks sufficient knowledge to admit or deny hypothetical allegations, and therefore denies these allegations.

16.     UHIC denies the allegations in Paragraph 16.

**THE PARTIES**

17.     UHIC admits that Plaintiff Smith is enrolled in a plan issued and insured by UHIC, that the plan is subject to ERISA, that the plan is identified as "UnitedHealthcare Choice Plus," and that UHIC administers certain benefits for the plan. UHIC lacks sufficient knowledge or information to admit or deny where Plaintiff Smith resides, and therefore denies these allegations on this basis.

18.     UHIC admits that Plaintiff Roe is enrolled in a plan issued and insured by UHIC, that the plan is subject to ERISA, that the plan is identified as "UnitedHealthcare Choice Plus,"

and that UHIC administers certain benefits for the plan.  UHIC lacks sufficient knowledge or information to admit or deny where Plaintiff Roe resides, and therefore denies these allegations on this basis.

19.   UHIC admits that it is a health insurance company, that it administers certain benefits for fully-insured and self-funded health plans, that it participates in the development of certain (but not all) policies and procedures applicable to processing certain benefit claims, and that it participated in and has knowledge of the alleged reimbursement practice that Plaintiffs challenge.  UHIC denies any remaining allegations in Paragraph 19.

20.   UHIC admits that UBH is a corporate affiliate of UHIC, and that UBH makes benefit coverage determinations for certain mental health and substance use services for certain plans issued by UHIC.  UHIC admits that UBH is a corporation incorporated in California, with an office in San Francisco, California.  UHIC admits that UBH receives a per-member-per-month payment for certain services provided to certain UHIC fully-insured plans, and that UBH is responsible for paying certain benefits.  And UHIC admits that UBH participates in the development of certain (but not all) policies and procedures applicable to processing certain benefit claims for mental health and substance abuse services, and that UBH participated in and has knowledge of the alleged reimbursement practice that Plaintiffs challenge.  UHIC denies any remaining allegations in Paragraph 20.

## **JURISDICTION AND VENUE**

21.   Paragraph 21 states legal conclusions for which no response is required.  To the extent a response is required, UHIC states that the cited statutes speak for themselves, and UHIC denies any characterization or interpretation of them.

22.   The first sentence of Paragraph 22 states a legal conclusion to which no response is required.  To the extent a response is required, UHIC admits that it administers certain benefits for plans in this District, that it conducts operations in this District, and that UBH has an office in this District.

## STATEMENT OF FACTS

***Allegations Regarding Jane Smith***

23. UHIC admits that Plaintiff Smith was insured through her employer pursuant to a UnitedHealthcare Choice Plus plan, which was effective June 1 of that plan year.

24. UHIC admits that UHIC provided Plaintiff Smith with a Certificate of Coverage ("COC") that explained Plaintiff Smith's plan's coverage for in- and out-of-network medical and behavioral health services.

25. UHIC admits that the quoted language in Paragraph 25 appears in a COC issued to Plaintiff Smith (except that the COC did not include bolding). UHIC states that the quoted language speaks for itself and denies any characterization of it.

26. UHIC admits that Defendants received claims from Plaintiff Smith and/or her provider for coverage for behavioral health services between January 29, 2018 and June 28, 2018. UHIC further admits that certain services included on Plaintiff Smith's submitted claims were identified by CPT code, that CPT stands for Current Procedural Terminology, and that CPT codes are licensed for use by the American Medical Association. UHIC lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 26, and therefore denies these allegations.

27. UHIC admits that Plaintiff Smith and/or her provider submitted claims for services which were identified with CPT Code 90839 and 90840. UHIC lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 27, and therefore denies these allegations.

28. UHIC admits that Defendants received claims from Plaintiff Smith and/or her provider, that Defendants processed such claims, and that UHIC provided Explanations of Benefits ("EOBs") to Plaintiff Smith. UHIC also admits that certain claims submitted by Plaintiff Smith and/or her provider with CPT code 90839 noted a billed amount of $120, and that certain claims submitted by Plaintiff Smith and/or her provider with CPT code 90840 noted a billed amount of $60.

29. UHIC admits that certain EOBs provided to Plaintiff Smith included the columns and information indicated in Paragraph 29.

30. UHIC admits that certain EOBs provided to Plaintiff Smith included a "Notes" column with a note listed as "ND," which the EOB correlated to the language quoted in Paragraph 30.

31. UHIC admits that certain EOBs provided to Plaintiff Smith indicated that the "Your Plan Paid" amount was $61.86 for certain services billed under CPT code 90839 for which the "Amount Billed" was $120, and that the "Your Plan Paid" amount was $29.55 for certain services billed under CPT code 90840 for which the "Amount Billed" was $60. UHIC denies the remaining allegations in Paragraph 31.

32. UHIC admits that Plaintiff Smith was paid in accordance with her plan, and that the EOBs issued to her reflected those payments. UHIC denies any suggestion in the first sentence of Paragraph 32 that the EOBs did not appropriately inform Plaintiff Smith of the payment amounts. The remainder of Paragraph 32 references an unidentified EOB for an unidentified claim. Without information regarding the specific claim at issue, UHIC lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 32, and therefore denies the remaining allegations in Paragraph 32 on this basis.

33. UHIC admits that Plaintiff Smith sent an appeal letter dated March 30, 2018 and states that the letter speaks for itself. UHIC admits that the quoted language appears in the letter, but denies any characterization of it.

34. UHIC admits that Plaintiff Smith inquired about the status of her appeal on April 11, 17, and 26, 2018. UHIC admits that Plaintiff Smith was told, among other things, that the appeal was being processed.

35. UHIC admits that UBH informed Plaintiff Smith by letter dated May 3, 2018 that her claims submitted for dates of service from January 29, 2018 through April 4, 2018 have not been approved for additional payment. UHIC admits that the quoted language does appear in the letter dated May 3, 2018. UHIC states that the letter dated May 3, 2018 speaks for itself and denies any characterization of it. UHIC denies the remaining allegations in Paragraph 35.

36. UHIC admits that Plaintiff Smith sent UBH a letter dated June 27, 2018 that purports to be a "second-level appeal," and states that the letter speaks for itself. UHIC admits that the quoted language appears in the letter, except the bracketed language. UHIC states that the letter speaks for itself and denies any characterization of it. UHIC denies the remaining allegations in Paragraph 36.

37. UHIC admits that UBH informed Plaintiff Smith by letter dated July 24, 2018 that the submitted claims for dates of service of January 29, 2018 through April 4, 2018 have not been approved for any additional payment. UHIC admits that the quoted language is found in the letter dated July 24, 2018. UHIC states that the letter dated July 24, 2018 speaks for itself and denies any characterizations or legal conclusions based on its language. UHIC denies the remaining allegations in Paragraph 37.

38. UHIC admits that the quoted language appears in the letter dated July 24, 2018, and states that the letter speaks for itself and denies any characterization of it.

***Allegations Regarding Jane Roe***

39. UHIC admits that Plaintiff Roe was insured through her husband's employer pursuant to a UnitedHealthcare Choice Plus plan, which was effective October 1 of each plan year.

40. UHIC admits that each plan year for which she was covered, UHIC issued Plaintiff Roe with a COC that explained Plaintiff Roe's plan's coverage for in- and out-of-network medical and behavioral health services.

41. UHIC admits that the quoted language in Paragraph 41 appears in certain COCs issued to Plaintiff Roe (except that the COC did not include bolding) through October 1, 2018. UHIC states that the quoted language speaks for itself and denies any characterization of it.

42. UHIC admits that the quoted language in Paragraph 42 appears in the COC issued to Plaintiff Roe effective October 1, 2018. UHIC states that the quoted language speaks for itself and denies any characterization of it.

43. UHIC admits that Defendants received claims from Plaintiff Roe and/or her provider for coverage for behavioral health services since April 2016. UHIC further admits that certain services included on Plaintiff Roe's submitted claims were identified by CPT code.

44. UHIC admits that Defendants received claims for services from Plaintiff Roe and/or her provider, certain of which were identified with CPT Code 90834 and noted the description "Psychotherapy, 45 min." UHIC lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 44, and therefore denies these allegations.

45. UHIC admits that Defendants received claims from Plaintiff Roe and/or her provider, that Defendants processed such claims, and that UHIC provided EOBs to Plaintiff Roe. UHIC also admits that certain claims submitted by Plaintiff Roe and/or her provider with CPT code 90834 noted a billed amount of $180. UHIC lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 45, and therefore denies these allegations.

46. UHIC admits that the EOBs provided to Plaintiff Roe included the columns and information indicated in Paragraph 46.

47. UHIC admits that certain EOBs provided to Plaintiff Roe included a "Notes" column with, among other notes, a note listed as "ND." UHIC denies that these EOBs included the language directly as quoted in Paragraph 47, and states that the EOBs speak for themselves.

48. UHIC admits that certain EOBs provided to Plaintiff Roe indicated that the allowed amount was $69.99 in 2016, $70.15 in 2017, and $72.78 in 2018 for certain services billed under CPT code 90834 for which the "Amount Billed" was $180. UHIC denies the remaining allegations in Paragraph 48.

49. UHIC admits that Plaintiff Roe was paid in accordance with her plan, and that the EOBs issued to her reflected those payments. UHIC denies that the EOBs did not appropriately inform Plaintiff Roe of the payment amounts. The remainder of Paragraph 49 references an unidentified EOB for an unidentified claim. Without information regarding the specific claim at issue, UHIC lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 49, and therefore denies the remaining allegations in Paragraph 49 on this basis.

50. UHIC is still searching for the correspondence cited in Paragraph 50, and therefore cannot admit or deny the allegations in Paragraph 50 at this time. To the extent a response is required, UHIC states the purported "appeal" dated October 17, 2016 speaks for itself, but denies any characterization of it.

51. UHIC is still searching for the correspondence cited in Paragraph 51, and therefore cannot admit or deny the allegations in Paragraph 51 at this time. To the extent a response is required, UHIC states that the purported communications on October 24, 2016 and letter dated December 27, 2016 speak for themselves, but UHIC denies any characterization of them.

52. UHIC is still searching for the correspondence cited in Paragraph 52, and therefore cannot admit or deny the allegations in Paragraph 52 at this time. To the extent a response is required, UHIC states that the purported email dated May 17, 2017 speaks for itself, but denies any characterization of it.

53. UHIC admits that on or about February 1, 2018 Defendants filed with the Texas Department of Insurance a "Mental Health Services and Substance Use Disorder Services Payment Amendment" and states that the amendment speaks for itself. UHIC denies that the quoted language appears in the amendment, and further denies any characterization of it.

54. UHIC admits that certain of Plaintiff Roe's claims for the period of 2016 through 2017 were reprocessed. UHIC denies the assertion that the original payment was improper or inconsistent with Plaintiff Roe's plan and denies any characterization of such reprocessing. UHIC denies any remaining allegations in Paragraph 54.

55. UHIC denies the allegations in Paragraph 55.

56. UHIC admits that Plaintiff Roe sent appeal letters dated January 2, 2019 and January 23, 2019, states that the letters speaks for themselves, and denies any characterization of them. UHIC admits that the letters attached the purported 2018 Medicare Fee Schedule for CPT 90834 in the Austin area, but denies any characterization of it.

57. UHIC admits that Defendants informed Plaintiff Roe by letter dated January 30, 2019 that her claims submitted for dates of service from August 7, 2018 through October 30, 2018 have not been approved for additional payment. UHIC admits that the quoted language

does appear in the letter dated January 30, 2019. UHIC states that the letter dated January 30, 2019 speaks for itself and denies any characterization of it. UHIC denies the remaining allegations in Paragraph 57.

58. UHIC admits that Defendants informed Plaintiff Roe by letter dated February 21, 2019 that her claims submitted for dates of service from September 18, 2018 through December 18, 2018 have not been approved for additional payment. UHIC admits that the quoted language does appear in the letter dated February 21, 2019. UHIC states that the letter dated February 21, 2019 speaks for itself and denies any characterization of it. UHIC denies the remaining allegations in Paragraph 58.

59. UHIC admits that Plaintiff Roe sent a letter dated April 30, 2019 that purports to be a "second-level appeal," and states that the letter speaks for itself and denies any characterization of it.

60. UHIC admits that Defendants informed Plaintiff Roe by letter dated May 29, 2019 that claims for dates of service of August 7, 2018 through December 18, 2018 have not been approved for any additional payment. UHIC states that the letter dated May 29, 2019 speaks for itself and denies any characterizations of it.

61. UHIC admits that the quoted language appears in the letter to Plaintiff Roe dated May 29, 2019, and states that the letter speaks for itself and denies any characterization of it.

**VIOLATION OF THE FEDERAL PARITY ACT**

62. The allegations in Paragraph 62 contain legal conclusions to which no response is required. To the extent a response is required, UHIC states that the quoted language appears in 29 U.S.C. § 1185a, and states that the statute speaks for itself and denies any characterization of it.

63. UHIC admits that the quoted language in Paragraph 63 appears in 29 C.F.R. § 2590.712(c)(4)(i), and states that the language of this statute speaks for itself, and denies any characterization of it. UHIC notes that the quoted passage does not contain the entire statutory and regulatory framework. UHIC further responds that any alleged definition of Parity Act

requirements provided by "relevant federal agencies"—which are not identified in Paragraph 63—also speaks for itself, and UHIC denies any characterization of it.

64. UHIC admits that the quoted language in Paragraph 64 appears in 78 Fed. Reg. 68239-96, and states that the Final Rule speaks for itself and denies any characterization of it. UHIC admits that Defendants consider usual, customary, and reasonable charges in determining amounts paid to certain non-participating providers, though it denies it considered usual, customary, and reasonable charges in determining amounts paid to non-participating providers under Plaintiffs' plans for the services at issue in this case.

65. UHIC states that the February 2, 2010 Interim Final Rule speaks for itself and denies any characterization of it. UHIC admits that the cited website link returns a document entitled, "Warning Signs—Plan or Policy Non-Quantitative Treatment Limitations (NQTLs) that Require Additional Analysis to Determine Mental Health Parity Compliance," states that the document speaks for itself, and denies any characterization of it. UHIC denies any remaining allegations in Paragraph 65.

66. UHIC lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 66 because the website links provided by Plaintiffs returned a "Page not found." To the extent a response is required, UHIC denies these allegations.

67. UHIC denies the allegations in Paragraph 67.

**VIOLATION OF THE ACA'S PROVIDER ANTI-DISCRIMINATION MANDATE**

68. Plaintiffs' claims based on Section 2706 of the ACA were dismissed by this Court's July 23, 2019 Memorandum and Order, and thus no response is required.

69. Plaintiffs' claims based on Section 2706 of the ACA were dismissed by this Court's July 23, 2019 Memorandum and Order, and thus no response is required.

70. Plaintiffs' claims based on Section 2706 of the ACA were dismissed by this Court's July 23, 2019 Memorandum and Order, and thus no response is required.

**ADDITIONAL ALLEGATIONS RELATING TO UNITED'S CONFLICT OF INTEREST AND BREACH OF FIDUCIARY DUTIES**

71. Paragraph 71 states legal conclusions to which no response is required. To the extent a response is required, UHIC responds that the provisions of ERISA speak for themselves, and denies any characterization of them. UHIC denies that it breached any duties under ERISA, as alleged in the last sentence of Paragraph 71.

72. UHIC denies the allegations in Paragraph 72.

**CLASS CLAIMS**

73. UHIC denies the allegations in Paragraph 73.

74. UHIC denies the allegations in Paragraph 74.

75. Paragraph 75 purports to quote from an unidentified COC from an unidentified commercial group plan. UHIC lacks sufficient knowledge or information to respond to the allegations in Paragraph 75 without knowledge of the plan Plaintiffs purport to reference, and therefore denies the allegations in Paragraph 75 on this basis.

76. UHIC admits that Plaintiffs purport to bring their claims on behalf of the class stated. UHIC denies that Plaintiffs are entitled to class certification.

77. Paragraph 77 states legal conclusions to which no response is required. To the extent a response is required, UHIC denies the allegations in Paragraph 77.

78. The first and third sentences of Paragraph 78 state legal conclusions to which no response is required. To the extent a response is required, UHIC denies those allegations. The allegations in the second sentence of Paragraph 78 are vague and unanswerable. To the extent a response is required, UHIC therefore denies the allegations in the second sentence of Paragraph 78 on this basis.

79. Paragraph 79 states legal conclusions to which no response is required. To the extent a response is required, UHIC denies the allegations in Paragraph 79.

80. Paragraph 80 states legal conclusions to which no response is required. To the extent a response is required, UHIC denies the allegations in Paragraph 80.

81. Paragraph 81 states legal conclusions to which no response is required. To the extent a response is required, UHIC denies the allegations in Paragraph 81.

82. Paragraph 82 states legal conclusions to which no response is required. To the extent a response is required, UHIC denies the allegations in Paragraph 82.

**COUNT I**

83. UHIC incorporates and repeats its denials and other responses to the allegations in Paragraphs 1-82 above.

84. UHIC admits that Plaintiffs purport to bring Count I pursuant to 29 U.S.C. § 1132(a)(1)(B). UHIC denies that Plaintiffs' claim has any merit.

85. Paragraph 85 states legal conclusions to which no response is required. To the extent a response is required, UHIC states that the provisions of ERISA speak for themselves, and denies any characterization of them. UHIC specifically denies that it breached any duty owed under ERISA, or that it is liable to the Plaintiffs.

86. UHIC denies the allegations in Paragraph 86.

87. UHIC denies the allegations in Paragraph 87.

**COUNT II**

88. UHIC incorporates and repeats its denials and other responses to the allegations in Paragraphs 1-87 above.

89. Plaintiffs' claims based on Section 2706 of the ACA were dismissed by this Court's July 23, 2019 Memorandum and Order, and thus no response is required.

90. Plaintiffs' claims based on Section 2706 of the ACA were dismissed by this Court's July 23, 2019 Memorandum and Order, and thus no response is required.

91. Plaintiffs' claims based on Section 2706 of the ACA were dismissed by this Court's July 23, 2019 Memorandum and Order, and thus no response is required.

92. Plaintiffs' claims based on Section 2706 of the ACA were dismissed by this Court's July 23, 2019 Memorandum and Order, and thus no response is required.

**COUNT III**

93. UHIC incorporates and repeats its denials and other responses to the allegations in Paragraphs 1-92 above.

94. UHIC admits that Plaintiffs purport to bring Count III pursuant to 29 U.S.C. § 1132(a)(3)(A) only to the extent that the Court finds that the injunctive relief sought is unavailable pursuant to 29 U.S.C. § 1132(a)(1)(B). UHIC denies that Plaintiffs' claims have merit.

**COUNT IV**

95. UHIC incorporates and repeats its denials and other responses to the allegations in Paragraphs 1-94 above.

96. UHIC admits that Plaintiffs purport to bring Count IV pursuant to 29 U.S.C. § 1132(a)(3)(B) only to the extent that the Court finds that the equitable relief sought is unavailable pursuant to 29 U.S.C. § 1132(a)(1)(B). UHIC denies that Plaintiffs' claims have merit.

In response to the "Prayer for Relief" paragraph, UHIC denies that Plaintiffs are entitled to any of the relief requested.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of each of the members of the putative class, fail to state facts sufficient to constitute any cause of action as to UHIC.

SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of each of the members of the putative class, are barred, in whole or in part, because Plaintiffs and each of the members of the putative class have not suffered any cognizable injury or damages.

THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of each of the members of the putative class, are barred in whole or in part to the extent Plaintiffs, and each of the members of the putative class, failed to exhaust administrative remedies prior to the commencement of this lawsuit.

CROWELL & MORING LLP
ATTORNEYS AT LAW

-15-

CASE NO. 4:18-CV-06336-HSG
ANSWER OF UNITED HEALTHCARE INSURANCE COMPANY TO AMENDED COMPLAINT

FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' prayer, and the prayer for each of the members of the putative class, for injunctive or equitable relief is barred because Plaintiffs and each of the members of the putative class have received all benefits to which they are entitled from UHIC and cannot demonstrate inequitable conduct on the part of UHIC.

FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' prayer, and the prayer for each of the members of the putative class, for injunctive or equitable relief under 29 U.S.C. § 1132(a)(3)(A) and (B) is barred because Plaintiffs and each of the members of the putative class have adequate remedies at law for the conduct alleged against UHIC.

SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of each of the members of the putative class, are barred in whole or in part on the ground that UHIC's alleged conduct and adjudication of claims was in accordance with the terms of the applicable plan documents.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of each of the members of the putative class, are barred in whole or in part to the extent Plaintiffs, and each of the members of the putative class, waived any right to assert the claims in the Amended Complaint.

EIGHTH AFFIRMATIVE DEFENSE

Any recovery on the Amended Complaint is barred in whole or in part by the doctrine of laches.

NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of each of the members of the putative class, are barred to the extent that they were filed after the running of the applicable limitations period (contractual or statutory).

TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of each of the members of the putative class, are barred, in whole or in part, because if any loss was suffered by Plaintiffs or putative class members,

which is expressly denied, that loss did not result from any purported breach by UHIC.

ELEVENTH AFFIRMATIVE DEFENSE

The conduct complained of constituted business functions that did not constitute fiduciary acts, or "settlor" functions pertaining to, among other things, plan design and/or were merely ministerial duties and, in any case, not fiduciary functions; therefore, UHIC cannot be sued as a fiduciary under ERISA under the circumstances.

TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for benefits, and the claims of each of the members of the putative class, are barred, in whole or in part, because the requisite conditions precedent and/or subsequent to each of their alleged entitlement to such benefits did not occur.

THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of each of the members of the putative class, are barred, in whole or in part, because UHIC at all times acted in good faith and consistent with reasonable care.

FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state facts sufficient to entitle them to financial relief in the form Plaintiffs seek on their own behalf or on behalf of the putative class.

FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims on behalf of putative class members are barred from relief in this Court to the extent that such putative class members are subject to mandatory arbitration provisions in their applicable health benefit plans.

* * * * *

UHIC hereby gives notice that it intends to rely upon any other defenses that may become available or appear during the discovery proceedings in this case, and hereby reserves the right to amend its answer to assert any such defenses.

**PRAYER FOR RELIEF**

UHIC requests that this Court deny all requests made in Plaintiffs' Prayer for Relief. Instead, UHIC requests that the Court enter judgment as follows:

A. That Plaintiffs take nothing by reason of the Amended Complaint;

B. That the Amended Complaint be dismissed upon the merits and with prejudice;

C. That class certification be denied;

D. That the Court deny Plaintiffs' request for attorneys' fees and costs, and award UHIC its costs of suit incurred herein, including reasonable attorneys' fees as appropriate; and

E. That UHIC be awarded such additional and further relief as the Court deems just and proper.

Dated: September 3, 2019

CROWELL & MORING LLP

*/s/ Jennifer S. Romano*
Jennifer S. Romano

Attorney for Defendant
UNITEDHEALTHCARE INSURANCE COMPANY