```
                                          PAGES 1 - 8

           UNITED STATES DISTRICT COURT

         NORTHERN DISTRICT OF CALIFORNIA
```

**BEFORE THE HONORABLE HAYWOOD S. GILLIAM, JR., JUDGE**

```
JANE SMITH,                  )
                             )
          PLAINTIFF,         )   NO. C-18-6336 HSG
                             )
  VS.                        )   TUESDAY, JULY 30, 2019
                             )
UNITED HEALTHCARE            )   OAKLAND, CALIFORNIA
INSURANCE COMPANY, ET AL.,   )
                             )
                             )   FURTHER CASE MANAGEMENT
                             )         CONFERENCE
          DEFENDANTS.        )
_____ )
```

### REPORTER'S TRANSCRIPT OF PROCEEDINGS

**APPEARANCES:**

| | |
|---|---|
| **FOR PLAINTIFF:** | ZUCKERMAN SPAEDER, LLP |
| | 485 MADISON AVENUE, 10TH FLOOR |
| | NEW YORK, NEW YORK 10022 |
| BY: | NELL Z. PEYSER, ESQUIRE |
| | |
| | ZUCKERMAN SPAEDER, LLP |
| | 1800 M STREET, NW.W. STE. 1000 |
| | WASHINGTON, DC 20036 |
| BY: | RACHEL F. COTTON, ESQUIRE |
| | |
| **FOR DEFENDANTS:** | CROWELL & MORING |
| | 1001 PENNSYLVANIA AVENUE, NW |
| | WASHINGTON, DC 20004 |
| BY: | MIKE LIEBERMAN, ESQUIRE |
| | |
| **REPORTED BY:** | DIANE E. SKILLMAN, CSR 4909, RPR, FCRR |
| | OFFICIAL COURT REPORTER |

TRANSCRIPT PRODUCED BY COMPUTER-AIDED TRANSCRIPTION

| | |
|---|---|
| 1 | <u>TUESDAY, JULY 30, 2019</u>                                            <u>2:05 P.M.</u> |
| 2 | P R O C E E D I N G S |
| 3 | O0O |
| 4 | **THE CLERK:** CALLING C-18-6336 SMITH VERSUS UNITED |
| 5 | HEALTHCARE INSURANCE COMPANY, ET AL. |
| 6 | PLEASE STEP FORWARD AND STATE YOUR APPEARANCES FOR THE |
| 7 | RECORD, PLEASE. |
| 8 | **MR. LIEBERMAN:** GOOD AFTERNOON, YOUR HONOR.  MIKE |
| 9 | LIEBERMAN WITH CROWELL & MORING FOR THE DEFENDANTS. |
| 10 | **THE COURT:** GOOD AFTERNOON, MR. LIEBERMAN. |
| 11 | **MS. PEYSER:** NELL PEYSER FROM ZUCKERMAN SPAEDER ON |
| 12 | BEHALF OF THE PLAINTIFF. |
| 13 | **THE COURT:** GOOD AFTERNOON, MS. PEYSER. |
| 14 | I SET THE CASE MANAGEMENT CONFERENCE TO GET A SCHEDULE IN |
| 15 | PLACE AFTER THE DENIAL OF THE MOTION TO DISMISS. |
| 16 | COUPLE OF QUESTIONS.  ONE IS, I KNOW THAT IN YOUR PRIOR |
| 17 | CASE MANAGEMENT STATEMENT YOU HAD SAID THAT YOU WOULD DISCUSS |
| 18 | AN ADR PLAN ONCE THE MOTION TO DISMISS WAS RESOLVED. |
| 19 | HAVE YOU DONE THAT? |
| 20 | **MR. LIEBERMAN:** WE HAVE BRIEFLY, YOUR HONOR.  I WILL |
| 21 | SAY WE ACTUALLY JUST TALKED ABOUT IT THIS MORNING. |
| 22 | IN OUR VIEW WE NEED TO EXCHANGE A BIT OF DISCOVERY |
| 23 | INCLUDING A CLAIMS LIST BEFORE ANY ADR CAN BE PRODUCTIVE.  I |
| 24 | THINK WE ARE BOTH RESERVING THE OPPORTUNITY TO ENGAGE IN THAT |
| 25 | DOWN THE ROAD, BUT WE THINK IT WOULD BE PREMATURE AT THIS |

1   TIME.

2   **MS. PEYSER:** I LARGELY ECHO THAT, YOUR HONOR.

3   I THINK FROM THE PLAINTIFFS' PERSPECTIVE, WE ARE ALWAYS
4   OPEN TO ADR DISCUSSIONS, BOTH FORMALLY AND INFORMALLY.
5   TYPICALLY IN THESE HEALTHCARE CLASS ACTIONS, WE WILL ASK THE
6   DEFENDANTS FOR CERTAIN INFORMATION ABOUT ALL OF THE CLAIMS AT
7   ISSUE, AND THEY WILL PRODUCE A SPREADSHEET OF CLAIMS DATA.
8   AND ONCE THEY DO THAT, WE WILL HAVE THE INFORMATION TO
9   EVALUATE HOW LARGE THE CLASS IS AND VALUE THE CASE, AND AT
10  THAT POINT WE ARE CERTAINLY READY TO MOVE FORWARD WITH ADR.

11  **THE COURT:** OKAY. WHY DON'T YOU DO THIS. WHY DON'T
12  YOU SUBMIT THE FORM STIPULATION REGARDING ADR. AND IF IT'S --
13  YOU THINK WHATEVER THE ESTIMATE IS IN TERMS OF WHEN YOU THINK
14  THE TIME WOULD BE RIGHT, AT LEAST THAT WAY WE WILL HAVE THAT
15  ON FILE AS A CONTROL DATE.

16  **MR. LIEBERMAN:** CERTAINLY.

17  **THE COURT:** AND THEN WITH REGARD TO THE SCHEDULE, I
18  THOUGHT IT OVERALL LOOKED FINE. YOU'RE ASKING FOR BASICALLY
19  SEVEN MONTHS OF FACT DISCOVERY WHICH DOESN'T SEEM OUTLANDISH
20  UNDER THE CIRCUMSTANCES.

21  WHAT IS IT THAT YOU WOULD ENVISION NEEDING TO DO IN TERMS
22  OF THE FACT DISCOVERY BEFORE YOU WOULD BE IN A POSITION TO
23  FILE THE CLASS CERT MOTION?

24  **MS. PEYSER:** THERE IS CERTAIN DISCOVERY REGARDING ALL
25  OF THE CLAIMS AT ISSUE IN THE CASE SUCH AS THE CLAIMS DATA

1   SPREADSHEET, AND GENERALLY WE ENGAGE IN SOME SORT OF SAMPLING
2   OF CLAIMS ON THAT SPREADSHEET, ALTHOUGH WE BELIEVE WE WOULD BE
3   ENTITLED TO ALL OF THE CLAIMS -- INFORMATION ABOUT ALL OF THE
4   CLAIMS ON THE SPREADSHEET BECAUSE THAT'S THE PUTATIVE CLASS
5   THAT WE ASSERTED.
6       WE UNDERSTAND THAT THE DEFENDANTS' POSITION IS THAT THAT
7   WOULD BE TOO BURDENSOME, SO WE WILL ENGAGE IN SOME SORT OF
8   SAMPLING WHERE WE UNDERSTAND HOW THESE CLAIMS ARE PROCESSED
9   AND HOW THE REIMBURSEMENT REDUCTION AT ISSUE IS APPLIED, AND
10  WE'LL HAVE THE INFORMATION WE NEED, HOPEFULLY, TO MAKE THE
11  ARGUMENTS AT CLASS CERT THAT IT IS APPLIED IN A UNIFORM WAY TO
12  ALL OF THE PUTATIVE CLASS MEMBERS.
13      SO ON THE ONE HAND WE HAVE ALL OF THAT INFORMATION ABOUT
14  THE CLAIMS AT ISSUE, AND THEN WE'LL ALSO SEEK YOUR TYPICAL
15  UNSTRUCTURED DATA, ESI, ABOUT THE POLICY AND HOW IT WAS FORMED
16  AND HOW IT SUPPLIED THROUGH INDIVIDUALS AT UNITED DISCUSSING
17  SUCH THINGS.
18          **THE COURT:**  ALL RIGHT.
19      DO YOU ENVISION BEING ABLE TO COOPERATIVELY COME UP WITH
20  THAT SORT OF SAMPLING PROCESS WITHOUT IT NEEDING JUDICIAL
21  INTERVENTION?  I GUESS YOU WILL ALWAYS TRY.  AND IF YOU CAN'T,
22  I CAN REFER IT FOR THAT PURPOSE, BUT IT SOUNDS LIKE YOU'VE GOT
23  SOME EXPERIENCE WITH THAT PROCESS.
24          **MR. LIEBERMAN:**  YOUR HONOR, I'LL SPEAK TO THAT.
25      I WOULD JUST SAY THAT, YES, I MEAN WE HAVE SOME EXPERIENCE

1     WITH THAT PROCESS.  WE HAVE BEEN ABLE TO REACH AGREEMENT IN
2     OTHER CASES WITH THE ZUCKERMAN LAW FIRM ON JUST THAT SORT OF A
3     PROTOCOL.  OBVIOUSLY WE NEED TO ENGAGE IN THAT DISCUSSION
4     BEFORE WE CAN TELL YOU, YES, WE WILL GET THERE, BUT I THINK
5     BOTH SIDES ARE OPTIMISTIC THAT WE COULD.
6          I WOULD JUST SAY THAT IN ADDITION TO WHAT MS. PEYSER
7     INDICATED FROM THE DEFENSE SIDE, WE INTEND TO SEEK INFORMATION
8     FROM THE PLAINTIFF REGARDING HER COVERAGE OF SERVICES AND
9     TYPES OF CLAIMS THAT SHE HAS SUBMITTED IN ADDITION TO
10    INFORMATION THAT WE MAY GET REGARDING THE CORRESPONDENCE THAT
11    SHE MAY HAVE HAD REGARDING THIS PARTICULAR POLICY THAT SHE
12    CHALLENGES, AMONG OTHER THINGS.
13              **THE COURT:**  ALL RIGHT.  AND THEN ALL OF THAT STRIKES
14    ME AS REASONABLE OVERALL.
15         THEN YOU HADN'T PROPOSED A HEARING DATE FOR THE CLASS CERT
16    MOTION.  I THINK WE OUGHT TO PROBABLY JUST SET ONE.  I WOULD
17    SAY TWO OR THREE WEEKS OUT FROM THE COMPLETION OF THE BRIEFING
18    ON AUGUST 17TH.
19         MADAME CLERK, WHAT'S A DATE THREE WEEKS FROM --
20              **THE CLERK:**  SORRY.  GIVE ME ONE SECOND.
21              **THE COURT:**  -- AUGUST 17.
22              **THE CLERK:**  THIS YEAR?
23              **THE COURT:**  OF 2020.
24              **THE CLERK:**  AUGUST 17TH, 2 WEEKS, SEPTEMBER 3RD --
25    SEPTEMBER 3RD.

| | |
|---|---|
| 1 | **THE COURT:** IS THAT THE THURSDAY BEFORE LABOR DAY? |
| 2 | **MR. LIEBERMAN:** THAT'S THE THURSDAY -- OH, YEAH, |
| 3 | THURSDAY BEFORE.  IS THERE ANY POSSIBILITY TO DO THE WEEK |
| 4 | FOLLOWING, YOUR HONOR?  MY FAMILY TENDS TO DO A TRIP THAT WEEK |
| 5 | PRIOR TO LABOR DAY. |
| 6 | **THE COURT:** THE 10TH IS FINE WITH ME.  IS THAT |
| 7 | AVAILABLE FOR YOU, MS. PEYSER? |
| 8 | **MS. PEYSER:** YES, THAT IS FINE WITH US. |
| 9 | **THE COURT:** SO LET'S SET THE CLASS CERTIFICATION |
| 10 | HEARING FOR SEPTEMBER 10TH, 2020. |
| 11 | **MR. LIEBERMAN:** THANK YOU FOR THE ACCOMMODATION, YOUR |
| 12 | HONOR. |
| 13 | **THE COURT:** YOU'RE WELCOME. |
| 14 | ANYTHING ELSE TO DISCUSS TODAY? |
| 15 | **MS. PEYSER:** YES, YOUR HONOR. |
| 16 | I WANTED TO BRING UP ONE POINT BEFORE THE COURT WHICH WE |
| 17 | TOLD COUNSEL FOR DEFENDANTS ABOUT EARLIER. |
| 18 | MY LAW FIRM WAS RECENTLY APPROACHED BY AN INDIVIDUAL WHO |
| 19 | WAS ALSO SUBJECT TO THE REIMBURSEMENT REDUCTION ISSUE, AND |
| 20 | THAT INDIVIDUAL HAS INDICATED THAT THEY WOULD LIKE TO BE |
| 21 | INVOLVED AS A NAMED PLAINTIFF TO CHALLENGE THE REDUCTION. |
| 22 | SO WE ARE CURRENTLY INVESTIGATING THAT INDIVIDUAL'S |
| 23 | CLAIMS.  AND IF WE DO FILE A CASE, WHICH I BELIEVE WE WILL, WE |
| 24 | INTEND TO BRING IT AS A RELATED ACTION.  SO I WANTED TO MAKE |
| 25 | YOUR HONOR, THE COURT, AWARE OF THAT. |

1    **THE COURT:** ALL RIGHT. WELL, IT SOUNDS LIKE THE
2  STEPS WOULD BE, A, YOU FILE THE CASE, B, YOU FILE A RELATED
3  CASE NOTICE, C, THE DEFENSE EITHER AGREES OR OPPOSES AND, D, I
4  EITHER RELATE IT OR NOT.
5    BUT I THINK WHAT YOU SHOULD ANTICIPATE IS, I DON'T --
6  GIVEN THE LENGTH OF THE SCHEDULE WE HAVE, YOU SHOULDN'T
7  ANTICIPATE THAT THAT WOULD EXTEND THE SCHEDULE.  YOU JUST HAVE
8  TO FIND A WAY TO GET THE CASE AS DONE ON THIS SCHEDULE.  I
9  CAN'T IMAGINE YOU MIGHT MOVE FOR CONSOLIDATION, I CAN'T
10 PREDICT, BUT I THINK WE'VE GOT AN AMPLE SCHEDULE HERE THAT
11 OUGHT NOT BE AFFECTED EVEN IF THAT DEVELOPMENT COMES TO PASS.
12   **MS. PEYSER:** YES.  WE COMPLETELY AGREE, YOUR HONOR,
13 AND WE DON'T INTEND TO DELAY WITH THIS NEW CASE.
14   **THE COURT:** ALL RIGHT.
15   **MR. LIEBERMAN:** YOUR HONOR, ONE MORE MINOR POINT.
16   WE CURRENTLY, FOLLOWING YOUR HONOR'S ORDER, ON OUR MOTION
17 TO DISMISS HAVE AN ANSWER DUE ON THURSDAY.  WE HAVE ASKED THE
18 PLAINTIFF WHETHER THEY WOULD BE AMENABLE TO AN EXTRA WEAK FOR
19 US TO FILE, SO IT WOULDN'T BE THIS THURSDAY, IT WILL BE NEXT
20 THURSDAY, AUGUST 8TH.  WE WOULD LIKE TO GET YOUR LEAVE TO DO
21 THAT.  WE CAN SUBMIT SOMETHING FORMALLY, BUT SINCE WE WERE IN
22 FRONT OF YOU TODAY, WE THOUGHT WE MIGHT ASK YOU AND TAKE AN
23 ORAL ORDER ON THAT IF THAT IS ACCEPTABLE TO YOU.
24   **THE COURT:** ALL RIGHT.  BY STIPULATION, I WILL EXTEND
25 THE DATE FOR THE ANSWER THROUGH AUGUST 8TH.

1      **MR. LIEBERMAN:** GREAT. THANK YOU, YOUR HONOR.

2      **THE COURT:** YOU'RE WELCOME.

3  ANYTHING FURTHER?

4      **MS. PEYSER:** NO, YOUR HONOR.

5      **MR. LIEBERMAN:** NOTHING FROM DEFENDANTS.

6      **THE COURT:** ALL RIGHT.

7      **MR. LIEBERMAN:** THANK YOU.

8      **MS. PEYSER:** THANK YOU.

9      **THE COURT:** YOU'RE WELCOME.

11      (PROCEEDINGS CONCLUDED AT 2:13 P.M.)

14      **CERTIFICATE OF REPORTER**

15  I, DIANE E. SKILLMAN, OFFICIAL REPORTER FOR THE UNITED STATES COURT, NORTHERN DISTRICT OF CALIFORNIA, HEREBY CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

*Diane E. Skillman*

DIANE E. SKILLMAN, CSR 4909, RPR, FCRR

MONDAY, DECEMBER 30, 2019