| | |
|---|---|
| 1 | JENNIFER S. ROMANO (SBN 195953) |
| | NARAIN KUMAR (SBN 195953) |
| 2 | CROWELL & MORING LLP |
| | 515 South Flower Street, 40th Floor |
| 3 | Los Angeles, CA 90071 |
| | Telephone: (213) 622-4750 |
| 4 | Facsimile: (213) 622-2690 |
| | jromano@crowell.com |
| 5 | mgomes@crowell.com |
| 6 | MICHAEL W. LIEBERMAN (admitted *pro hac vice*) |
| | CROWELL & MORING LLP |
| 7 | 1001 Pennsylvania Avenue, N.W. |
| | Washington, D.C. 20004-2595 |
| 8 | Telephone: (202) 624-2500 |
| | Facsimile: (202) 628-5116 |
| 9 | mlieberman@crowell.com |
| 10 | JARED L. FACHER (admitted *pro hac vice*) |
| | CROWELL & MORING LLP |
| 11 | 590 Madison Avenue, 20th Floor |
| | New York, NY 10022 |
| 12 | Telephone: (212) 223-4000 |
| | Facsimile: (212) 223-4134 |
| 13 | jfacher@crowell.com |
| 14 | *Attorneys for Defendants* |
| 15 | *Additional Counsel located on the next page* |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| JANE SMITH and JANE ROE, on behalf of themselves and all others similarly situated, | Case No. 4:18-cv-06336-HSG |
| Plaintiffs, | **JOINT STATUS REPORT** |
| v. | **CLASS ACTION** |
| UNITED HEALTHCARE INSURANCE CO. and UNITED BEHAVIORAL HEALTH, | Judge: Hon. Haywood S. Gilliam, Jr. |
| Defendants. | |

1  PSYCH-APPEAL, INC.
   Meiram Bendat (Cal. Bar No. 198884)
2  8560 West Sunset Boulevard, Suite 500
   West Hollywood, CA 90069
3  Tel: (310) 598-3690, x.101
   Fax: (310) 564-0040
4  meiram@psych-appeal.org

5  ZUCKERMAN SPAEDER LLP
   D. Brian Hufford (admitted *pro hac vice*)
6  Jason S. Cowart (admitted *pro hac vice*)
   Nell Z. Peyser (admitted *pro hac vice*)
7  485 Madison Ave., 10th Floor
   New York, NY 10022
8  Tel: (212) 704-9600
   Fax: (917) 261-5864
9  dbhufford@zuckerman.com
   jcowart@zuckerman.com
10 npeyser@zuckerman.com

11 *Attorneys for Plaintiffs and the Putative Class*

JOINT STATUS REPORT
CASE NO. 4:18-cv-06336-HSG

Pursuant to the Court's September 17, 2020 Order (the "September 17 Order") (Dkt. No. 103), the parties in the above-captioned action, by and through their respective counsel of record, jointly submit this report with respect to the status of settlement discussions and resumption of litigation proceedings in this matter.

This action has been stayed since March 13, 2020 so that the parties could engage in settlement discussions. (Dkt. No. 91.) The related case of *Jane Doe v. UnitedHealth Group, Inc. et al.*, Case No. 17-cv-4160 (E.D.N.Y.), has similarly been stayed. Since the stay went into effect, the parties have made progress in their discussions, which are ongoing but have not yet reached a resolution. The parties are still hopeful that this matter can be settled.

In light of the Court's statement at the September 17 hearing that further extensions to the stay would not be granted, the parties are jointly proposing a schedule for resuming discovery and certain case activities thereafter. At the time of the entry of the stay, there were approximately six months before Plaintiffs' motion for class certification was due. (See Dkt. No. 77.) The proposed schedule below keeps that timeframe roughly in place, while adding in some time to account for the December holidays. The proposed schedule below also adds certain interim deadlines for document and written discovery before the anticipated period for additional depositions.

We note that the proposed schedule sets a deadline of January 22, 2021, for the parties to file motions to compel relating to discovery issues that are outstanding as of that date (including refiling, if needed, the motion to compel that was filed prior to the stay).* Given that these issues may impact some of the fact depositions, the parties will work with the Court in good faith to obtain a ruling on such motions by February 19, 2021.

The parties intend to meet and confer shortly regarding these outstanding issues, and we are hopeful that we can come to agreement on most, if not all, of them prior to the January 22, 2021 deadline. We will apprise the Court by January 22, 2021 if no motions to compel on

---

* The parties reserve the right to file additional motions to compel after the January 22, 2021 deadline on other issues that may come up as discovery progresses.

outstanding issues are necessary.

| Class Certification Period | Proposed Deadline |
|---|---|
| Deadline to file motions to compel relating to discovery disputes as of that date | January 22, 2021 |
| Substantial completion of all document productions and written fact discovery (other than that which are the subject of the motions to compel) | February 19, 2021 |
| Completion of any further document production and written fact discovery arising out of rulings on the motions to compel filed by January 22, 2021 (if ruled upon on or before February 19, 2021) | March 19, 2021 |
| Completion of fact depositions | April 16, 2021 |
| Exchange of opening class certification expert reports, and completion of any further fact discovery arising out of deposition testimony | May 7, 2021 |
| Exchange of rebuttal class certification expert reports | June 4, 2021 |
| Close of class certification expert discovery | June 18, 2021 |
| Plaintiff's motion for class certification due | July 16, 2021 |
| Opposition to motion for class certification due | August 27, 2021 |
| Reply in support of class certification due | September 24, 2021 |
| Hearing on motion for class certification | To be determined based on Court availability |

As we have in our prior proposed schedules, the parties anticipate a second period of

discovery following the Court's ruling on Plaintiffs' motion for class certification.

The parties are concurrently submitting a similar proposed scheduling order for the *Jane Doe* matter.

Dated:  December 14, 2020          CROWELL & MORING LLP

                                   By:  /s/  Michael W. Lieberman
                                        Michael W. Lieberman
                                        *Attorneys for the Defendants*


Dated:  December 14, 2020          ZUCKERMAN SPAEDER LLP

                                   By:  /s/  Jason S. Cowart
                                        Jason S. Cowart
                                        *Attorneys for Plaintiffs and the Putative Class*


### FILER'S ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, I attest that concurrence in the filing of this document has been obtained from the other signatories.

Dated: December 14, 2020           /s/ Michael W. Lieberman
                                   Michael W. Lieberman