UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE SMITH, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED HEALTHCARE INSURANCE COMPANY, et al., <br><br> Defendants. | Case No. 18-cv-06336-HSG  (KAW) <br><br> **ORDER REGARDING JOINT DISCOVERY LETTERS** <br><br> Re: Dkt. Nos. 110, 111 |

On January 22, 2021, the parties filed two discovery letters concerning settlement privilege and statutory privilege.[1]  (Dkt. Nos. 110, 111.)  For the reasons stated below, the Court GRANTS Plaintiffs' request to require production of documents being withheld by Defendant on the bases of these two privileges.

**A.   Settlement Privilege**

Defendants have withheld documents pursuant to the settlement privilege.  Federal Rule of Evidence 408 prohibits the use of settlement communications and offers to compromise in order "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or contradiction."  Rule 408, however, permits a court to "admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution."

"Rule 408 is designed to ensure that parties may make offers during settlement

---

[1] Both discovery letters included more than 12 pages of attachments, in violation of the Court's Standing Order.  (Westmore Standing Order ¶ 14 ("Any attachments shall not exceed 12 pages.").)  In the future, failure to request leave from the Court to file overlarge exhibits may result in the Court terminating the discovery letter.  In the alternative, the parties could limit the exhibit to the relevant requests and responses at issue, rather than the entire requests for production.

1   negotiations without fear that those same offers will be used to establish liability should settlement
2   efforts fail." *Rhoades v. Avon Prods.*, 504 F.3d 1151, 1161 (9th Cir. 2007). When, however,
3   "statements made during settlement are introduced for a purpose unrelated to liability, the policy
4   underlying the Rule is not injured." *Id.* at 1161-62. Thus, numerous courts in this district have
5   found that "Rule 408 does not warrant protecting settlement negotiations from discovery. On its
6   face the rule applies to the admissibility of evidence at trial, not whether evidence is
7   discoverable." *Phoenix Sols. Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 584 (N.D. Cal.
8   2008); *see also Vondersaar v. Starbucks Corp.*, No. C13-80061 SI, 2013 WL 1915746, at *3
9   (N.D. Cal. May 8, 2013) ("it is plain that Congress chose to promote this goal in Rule 408 to
10  promote settlements through limits on the *admissibility* of settlement material rather than limits on
11  their *discoverability*. In fact, the Rule on its face contemplates that settlement documents may be
12  used for several purposes at trial, making it unlikely that Congress anticipated that discovery into
13  such documents would be impermissible") (internal quotation and modification omitted);
14  *Matsushita Elec. Indus. Co. v. Mediatek, Inc.*, No. C-05-3148 MMC (JCS), 2007 WL 963975, at
15  *3 (N.D. Cal. Mar. 30, 2007) ("The inescapable conclusion that a privilege against disclosure
16  cannot be found in Rule 408. To the contrary, because the Rule anticipates that settlement
17  negotiations may be admissible, a privilege against their discovery would be inconsistent with
18  Rule 26"); *Manzo v. Cty. of Santa Clara*, Case No. 17-cv-1099-BLF (VKD), 2019 WL 2866047,
19  at *3 (N.D. Cal. July 3, 2019) ("Rule 408 does not address the *discoverability* of settlement-related
20  materials, and the Ninth Circuit has not found a federal privilege for settlement
21  communications."); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, Case No. 07-cv-5944-SC
22  (VRW), 2015 WL 1375620, at *3 (N.D. Cal. July 31, 2015) ("Courts in the Ninth Circuit have not
23  recognized a federal settlement privilege."); *Am. Gen. Life Ins. Co. v. James*, Case No. 14-cv-
24  4242-DMR, 2015 WL 730010, at *6 (N.D. Cal. Feb. 19, 2015) ("there is no generalized
25  'settlement privilege' under Rule 408").
26       Defendants cite to three cases in this Circuit that recognize a settlement privilege. (Dkt.
27  No. 110 at 4.) Two of these cases do not address Rule 408, and thus do not consider that Rule 408
28  is a limit on the admissibility of settlement communications, not discoverability. *See California v.*

2

*Kinder Morgan Energy Partners, L.P.*, Civil No. 07-1883-MMA(WVG), 2010 WL 3988448, at *4 (S.D. Cal. Oct. 12, 2010); *Therapeutic Research Facility v. NBTY, Inc.*, No. CIV.S-05-2322 GEB DAD, 2006 WL 3371856, at *1 (E.D. Cal. Nov. 21, 2006). In *Cook v. Yellow Freight System, Inc.*, the district court did distinguish between admissibility and discoverability, but ultimately concluded that it was likely that the discovery was being sought for use on the merits only, rather than for any permitted purpose. 132 F.R.D. 548, 555 (E.D. Cal. 1990), *overruled on other grounds by Jaffee v. Redmond*, 518 U.S. 1 (1996).

In the alternative, Defendants argue that the settlement communications are not discoverable because they cannot be used for any purpose. (Dkt. No. 110 at 5.) In support, Defendant relies on *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, where the Sixth Circuit found that "statements made in furtherance of settlement are *never* relevant." 332 F.3d 976, 983 (6th Cir. 2003). This holding, however, is contrary both to Rule 408 and *Rhoades*, which recognize that there are permissible uses for settlement communications. *See* Rule 408(b); *Rhoades*, 504 F.3d at 1161-62 ("When statements made during settlement are introduced for a purpose unrelated to liability, the policy underlying the Rule is not injured.").

Here, Plaintiffs state that it will use these communications for class certification purposes, including ascertainability, commonality, and feasibility of remedies. (Discovery Letter at 2-3 (citing *Lee v. Enter. Leasing Co.-W., LLC*, 300 F.R.D. 466, 469 n.5 (D. Nev. 2014) (noting that Rule 408 did not prohibit the court from considering settlement communications "at the class certification stage because the Court is not determining liability or damages")).) Plaintiffs also state that such evidence could go to providing notice or generating other admissible evidence. (*Id.* at 3 (citing *Phoenix Sols. Inc.*, 254 F.R.D. at 583 ("discovery of licensing/settlement negotiations is reasonably calculated to lead to relevant, admissible evidence")); *see also United States v. Real Property & Improvements*, Case No. 13-cv-2027-JST (MEJ), 2014 WL 2126912, at *3 (N.D. Cal. May 22, 2014) ("corresponding regarding settlement negotiations between the landlord and the Government is discoverable, notwithstanding the provisions of FRE 408(a), if it is reasonably calculated to lead to the discovery of relevant, admissible evidence, subject to any claim of privilege").) Thus, unlike *Cook*, this is not a case where the discovery of settlement

3

communications can only go to liability.

Accordingly, the Court ORDERS Defendants to produce documents for which the settlement privilege is the only basis for redaction or withholding within **one week** from the date of this order. The parties are ordered to meet and confer as to documents that are being redacted or withheld based on both settlement privilege and any other applicable privilege, such as attorney-client privilege.

### B.   Statutory Privilege

Defendants also seek to withhold documents based on statutory privilege, citing Maryland, Rhode Island, Virginia, New Hampshire, Connecticut, and Nebraska statutes. Defendants assert that these statutes prohibit the disclosure of communications between insurance companies and state regulators and documents provided to regulators as part of regulatory examinations and analyses. (Dkt. No. 111 at 7.[2])

The Court has jurisdiction over the instant case based on federal question; thus, the federal law of privilege applies. *See Agster v. Maricopa Cty.*, 422 F.3d 836, 839 (9th Cir. 2005). "[I]t is well-established that the federal policy favoring open discovery requires that privileges must be strictly construed." *Curry v. Contra Costa Cty.*, Case No. 12-cv-3940-WHO (DMR), 2013 WL 4605454, at *2 (N.D. Cal. Aug. 28, 2013) (internal quotation omitted). "The party seeking an exception from this principle bears the burden of establishing the existence of a privilege and its applicability to a particular case." *Id.* Specifically, the court "should not create and apply a new privilege unless it promotes sufficiently important interests to outweigh the need for probative evidence." *Trammel v. United States*, 445 U.S. 40, 51 (1980). Further, the Supreme Court has warned that the courts should be "especially reluctant to recognize a privilege in an area where it appears that Congress has considered the relevant competing concerns but has not provided the privilege itself." *Univ. of Penn. v. EEOC*, 493 U.S. 182, 189 (1990).

Defendants have not met their burden of establishing the existence of a new privilege in this case. Defendants argue that the court "can and should recognize a state privilege as a matter

---

[2] Because the parties did not include page numbers on the discovery letter, the Court uses the ECF header page numbers.

4

of comity where the state's policy reason for crafting the privilege outweighs any asserted federal interest." (Dkt. No. 111 at 8.) Specifically, Defendants suggest -- without citing any authority -- that the statutes at issue "recogniz[e] that candid and open communications between insurers and state regulators was so important that such communications should be exempted from discovery by third parties." (*Id.*)

It is not apparent that these statutes exempt communications between insurers and state regulators from discovery by third parties. Rather, the statutes appear to limit discovery from *state regulators* only. For example, Connecticut General Statute § 38a-14(j) states that documents obtained by the insurance commissioner in the course of an examination "shall not be subject to subpoena and shall not be made public by the commissioner or any other person . . . ." In *ITT Corp. v. Travelers Casualty & Surety Co.*, the insurance company relied on this statute to argue that it was "protected from producing this information in the course of discovery in this litigation." 3:12 CV 38 (JAM), 2017 WL 3783257, at *7 (D. Conn. Aug. 31, 2017). The district court rejected this argument. Analyzing similar state laws, the district court explained that such statutes "prohibit[] the state agency from disclosing records, but . . . did not extend to information in the company's control because it made no sense to construe these statutes to also protect the subject of the investigation from providing discovery of documents which, but for the investigation, would be discoverable." *Id.* at *8 (internal quotation omitted). In other words, "[a]n insurer is not entitled to any greater protection for its documents simply because it was the subject of an investigation and had provided its business documents to the investigative authorities." *Id.* (internal quotation omitted). Thus, "[t]he purpose of the statute is not to provide a shield for examined companies to use in discovery, but rather to protect company information that is in control of [the Connecticut Insurance Department]." *Id.* at *9 (internal quotation omitted).

The other statutes cited by Defendants have similar limitations. For example, the Maryland statute limits the disclosure of documents that are "in the *control or possession of the Commissioner*." Md. Ins. Code § 2-209(g)(1)(i) (emphasis added). The statute does not state that documents cannot be obtained from the insurance company. Likewise, New Hampshire Revised Statute § 400-A:16(III) focuses on the disclosure of documents by the commissioner, exempting

such documents from statutes governing access to government records in addition to prohibiting the commissioner or persons acting under the authority of the commissioner from testifying in private civil actions regarding such documents. *See Amtrust N. Am., Inc. v. Safebuilt Insurance Servs., Inc.*, 186 F. Supp. 3d 278, 286 (S.D.N.Y. 2016) (finding that the New Hampshire statute "prohibit[s] the state agency from disclosing company records, but . . . the statute's protection did not extend to information in the company's control"). Notably, Defendants cite **no** authority that any of the statutes they rely on prohibit discovery of documents from the insurance company, rather than limiting disclosures from the state regulator.

Moreover, even if the statutes were an absolute bar on the production of documents provided to or communications with a state regulator, Defendants fail to demonstrate that such a prohibition would not "conflict[] with the more liberal policy of discovery inherent in the Federal Rules." *Leon v. Cty. of San Diego*, 202 F.R.D. 631, 636 (S.D. Cal. 2001). This is particularly the case here, where Plaintiffs seek to vindicate their rights under the Employee Retirement Income Security Act ("ERISA"). As Plaintiffs point out, ERISA's protections focus on protecting plan beneficiaries, such that the Ninth Circuit has even recognized a fiduciary exception to the attorney-client privilege. *See United States v. Mett*, 178 F.3d 1058, 1062 (9th Cir. 1999). Thus, applying the statutory privileges as Defendants argue would conflict with the especially broad range of discovery permitted in ERISA cases.

Accordingly, the Court ORDERS Defendants to produce any documents for which the statutory privilege is the only basis for redaction or withholding within **one week** from the date of this order. The parties are ordered to meet and confer as to documents that are being redacted or withheld based on both statutory privilege and any other applicable privilege, such as attorney-client privilege.

IT IS SO ORDERED.

Dated: February 3, 2021

KANDIS A. WESTMORE
United States Magistrate Judge