1   PSYCH-APPEAL, INC.
    Meiram Bendat (Cal. Bar No. 198884)
2   7 West Figueroa Street • Suite 300
    PMB #300059
3   Santa Barbara • CA • 93101
    Tel (310) 598-3690 •
4   Fax (888) 975-1957
    mbendat@psych-appeal.com
5
    ZUCKERMAN SPAEDER LLP
6   D. Brian Hufford (admitted *pro hac vice*)
    Jason S. Cowart (admitted *pro hac vice*)
7   Nell Z. Peyser (admitted *pro hac vice*)
    485 Madison Ave., 10th Floor
8   New York, NY 10022
    Tel: (212) 704-9600
9   Fax: (212) 704-4256
    dbhufford@zuckerman.com
10  jcowart@zuckerman.com
    npeyser@zuckerman.com
11
    ZUCKERMAN SPAEDER LLP
12  Andrew N. Goldfarb (Cal. Bar No. 235615)
    Daniel K. Amzallag (admitted *pro hac vice*)
13  1800 M Street, N.W., Suite 1000
    Washington, D.C. 20036
14  Tel: (202) 778-1800
    Fax: (202) 822-8106
15  agoldfarb@zuckerman.com
    damzallag@zuckerman.com
16
    *Attorneys for Plaintiffs and the Putative Class*
17  *Additional Counsel located on the next page*

18
                    **UNITED STATES DISTRICT COURT**
19                 **NORTHERN DISTRICT OF CALIFORNIA**
                         **OAKLAND DIVISION**
20

21  JANE SMITH and JANE ROE, on behalf      Case No. 4:18-cv-06336-HSG
    of themselves and all others similarly
22  situated,                                **JOINT NOTICE OF MOTION AND MOTION
                                             TO TRANSFER FOR PURPOSES OF
23              Plaintiffs,                   SETTLEMENT; MEMORANDUM OF
                                             POINTS AND AUTHORITIES IN SUPPORT
24      v.                                    THEREOF**

25  UNITED HEALTHCARE INSURANCE
    CO. and UNITED BEHAVIORAL             Judge:   Hon. Haywood S. Gilliam
26  HEALTH,

27              Defendants.

28

1   JENNIFER S. ROMANO (SBN 195953)
2   CROWELL & MORING LLP
    515 South Flower Street, 40th Floor
3   Los Angeles, CA  90071
    Telephone: (213) 622-4750
4   Facsimile: (213) 622-2690
    jromano@crowell.com
5   nkumar@crowell.com
    mgomes@crowell.com
6
7   CHRISTOPHER FLYNN (admitted *pro hac vice*)
    MICHAEL W. LIEBERMAN (admitted *pro hac vice*)
8   CROWELL & MORING LLP
    1001 Pennsylvania Avenue, N.W.
9   Washington, D.C. 20004-2595
    Telephone: (202) 624-2500
10  Facsimile: (202) 628-5116
    cflynn@crowell.com
11  mlieberman@crowell.com
12
    *Attorneys for Defendants*
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION TO TRANSFER**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on May 14, 2021, or as soon thereafter as this matter may be heard, before the Honorable Haywood S. Gilliam, Plaintiffs Jane Smith and Jane Roe, on behalf of themselves and all others similarly situated (collectively, "Plaintiffs"), together with Defendants United Healthcare Insurance Co. and United Behavioral Health (collectively, "Defendants" or "United"), in the above-captioned actions will and hereby do jointly move to transfer this action to the United States District Court for the Eastern District of New York ("EDNY"), so that the case can be consolidated with a related action pending in the EDNY for purposes of class-action settlement proceedings.

The parties move the Court for an order transferring this case to the EDNY.  The parties' motion is made pursuant to 28 U.S.C. § 1404(a).  The motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, and such other support as may be presented to the Court.

**STATEMENT OF ISSUES TO BE DECIDED**

Should this action, which has reached a class settlement-in-principle together with a closely related action in the EDNY, be transferred to the EDNY for class settlement approval proceedings, when all parties in this action have consented to the transfer and the regulators who will be involved in settlement proceedings are in New York?

**MEMORANDUM OF POINTS AND AUTHORITIES**

The parties in this case, and in a related action pending in the EDNY, *Jane Doe v. UnitedHealth Group, Inc.*, Case No. 1:17-cv-4160, have reached an agreement-in-principle to resolve these two putative class actions.  Other parties to the agreement-in-principle are the U.S. Department of Labor ("DOL") and New York Attorney General Letitia James ("NYAG"), both of whom have ongoing investigations related to the same subject matter as *Smith* and *Doe*, and both of whom anticipate filing complaints in the EDNY on these issues as part of the settlement process.

To facilitate an orderly and efficient process for class-action settlement proceedings in both *Doe* and *Smith*, the parties jointly move to transfer this action to the EDNY so that, following a motion to consolidate to be filed following transfer, the same court can consider approval of the settlement in both of these matters together, as well as any related proceedings regarding the anticipated DOL and NYAG complaints and settlement.

## I.     FACTUAL BACKGROUND

On July 13, 2017, the Plaintiff in the *Doe* case filed a Complaint in the EDNY asserting causes of action under the Employee Retirement Income Security Act of 1974 ("ERISA") against UnitedHealth Group, Inc. ("UHG"), United Healthcare Insurance Company ("UHIC"), Oxford Health Plans, LLC; ("OHP-NY"); Oxford Health Plans (NY), Inc. ("OHP-NY"); and Oxford Health Insurance, Inc. ("OHI").  Plaintiff *Doe* specifically alleged that, among other allegations, that these entities violated the Mental Health Parity and Addiction Equity Act of 2008 (the "Parity Act"), 29 U.S.C. § 1185a, and other laws, in reducing reimbursement rates for certain behavioral health benefits provided by psychologists and master's level counselors below rates paid to psychiatrists ("tiered reimbursement").  *See Doe* ECF No. 1, ¶¶ 7-8.

After the Court dismissed UHG, UHIC, OHP, and OHP-NY from the *Doe* case, Plaintiff Jane Smith filed the instant case against UHIC and United Behavioral Health ("UBH").  *See Smith* ECF No. 1.  Plaintiff Smith later amended her Complaint to add Plaintiff Jane Roe.  This case also asserted causes of action under ERISA challenging tiered reimbursement as violative of the Parity Act, among other claims.  *Id.* ¶¶ 9-10.

The plaintiffs in both *Doe* and *Smith* are represented by the same counsel, as are the defendants. The two cases proceeded to discovery on a roughly parallel schedule, and because the cases involve similar issues and many of the same documents and witnesses, the parties have coordinated discovery in the two cases where possible to avoid duplication and promote efficiency.

On April 30, 2021, the parties in *Smith* and *Doe* notified the courts that they had reached an agreement-in-principle to resolve the two actions together, along with related investigations of the defendants by the NYAG and DOL.  *See Smith* ECF No. 123; *Doe* ECF No. 101.  The parties

1  explained their intention to jointly move this Court to transfer the action to the EDNY, where the

2  parties would subsequently move for consolidation of the two actions for purposes of pursuing

3  approval of the settlement.  *Id.*  The parties requested that the actions be stayed in light of their

4  agreement, and the Court granted the stay in this case on May 12, 2021.  *Id.*; *Smith* ECF No. 124.

5  **II.    ARGUMENT**

6       "For the convenience of parties and witnesses, in the interest of justice, a district court

7  may transfer any civil action to any other district or division where it might have been brought or

8  to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  When "all

9  parties have consented," the district court may transfer the action "whether or not the other

10 district or division is one where the action 'might have been brought.'"  17 *Moore's Federal*

11 *Practice: Civil* § 111.12 (2021).

12      A district court has discretion "to adjudicate motions for transfer according to an

13 individualized, case-by-case consideration of convenience and fairness."  *Jones v. GNC*

14 *Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (internal quotation marks omitted).  In

15 deciding whether a transfer is appropriate, courts consider several factors, such as "the

16 convenience of the parties," the "feasibility of consolidation of other claims," the "plaintiff's

17 choice of forum," and "the interests of justice."  *In re Genesisintermedia, Inc. Sec. Litig.*, No. CV

18 01-09024 SVW MCX, 2003 WL 25667662, at *2 (C.D. Cal. June 12, 2003).[1]

19      The "interests of justice" prong "may be determinative" in many actions.  *Id.*  This prong

20 of the analysis "relates to the efficient functioning of the courts."  *Id.* (internal quotation marks

21 omitted).  It "encompasses public interest factors aimed at systemic integrity and fairness,"

22 including "judicial economy and the avoidance of inconsistent judgments."  *Byerson v. Equifax*

23

24

25      [1] The court may also consider "(1) the location where the relevant agreements were
negotiated and executed, (2) the state that is most familiar with the governing law, (3) the
26 plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts
relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of
27 litigation in the two forums, (7) the availability of compulsory process to compel attendance of
unwilling non-party witnesses, and (8) the ease of access to sources of proof."  *Jones*, 211 F.3d at
28 498-99.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-3-

JOINT MOTION TO TRANSFER
CASE NO. 4:18-CV-06336-HSG

1  *Info. Servs., LLC*, 467 F. Supp. 2d 627, 635 (E.D. Va. 2006); *Jones*, 211 F.3d at 499 n.21 (noting

2  that the court must weigh public interest factors of systemic integrity and fairness)

3       All of these considerations support transfer. All parties in this action have consented to the

4  transfer.  The three other actions related to the settlement – the *Doe* case and the anticipated DOL

5  and NYAG complaints – are or will be filed in the EDNY.  And, the settlement involves two New

6  York-based regulators—the NYAG and the DOL (which initiated an investigation of defendant

7  United Behavioral Health through the New York Regional Office of DOL's Employee Benefits

8  Security Administration, and referred the case to the New York Regional Solicitor's Office for

9  litigation).

10       Further, the interests of justice support transfer.  The complaints in *Doe* and *Smith*

11  challenge similar conduct based on similar allegations, and are brought against a group of related

12  corporate defendants.  If the case is transferred, the parties will move to consolidate the two

13  actions in the EDNY, thereby streamlining the settlement-approval process.  Transfer and

14  consolidation will provide a single venue to adjudicate any objections to the settlement, avoid the

15  risk of inconsistent judgments between two courts over the approval of the putative class and

16  settlement, and save both party and judicial resources.  *See Byerson*, 467 F. Supp. 2d at 636 ("It is

17  . . . preferable that one court assess the factors that point to factual and legal overlap and sort out

18  the class action issues that will arise in each of the related actions."); *In re Genesisintermedia*,

19  2003 WL 25667662, at *4 (granting a motion to transfer a class action because "there are two

20  cases currently pending in [the transferee court], and because Plaintiffs will seek to consolidate

21  this action . . . if the case is transferred").  In light of the interests of judicial economy and the

22  interests of justice, transfer is warranted here.

23  **III.    CONCLUSION**

24       For the reasons stated above, the parties respectfully request that the Court transfer this

25  action to the EDNY.

26

27

28

By: /s/ *Jason S. Cowart*

Andrew N. Goldfarb (Cal. Bar No. 235615)
Daniel K. Amzallag (*pro hac vice*)
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, DC 20036
Tel: (202)778.1800
Fax: (202) 822.8106
agoldfarb@zuckerman.com
damzallag@zuckerman.com

D. Brian Hufford (*pro hac vice*)
Jason S. Cowart (*pro hac vice*)
Nell Z. Peyser (*pro hac vice*)
ZUCKERMAN SPAEDER LLP
485 Madison Ave., 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
dbhufford@zuckerman.com
jcowart@zuckerman.com
npeyser@zuckerman.com

Meiram Bendat (Cal. Bar No. 198884)
PSYCH-APPEAL, INC.
7 West Figueroa Street • Suite 300
PMB #300059
Santa Barbara • CA • 93101
Tel (310) 598-3690 •
Fax (888) 975-1957
mbendat@psych-appeal.com

*Attorneys for Plaintiffs and the Putative Class*

By: /s/ *Michael W. Lieberman*

Christopher Flynn (*pro hac vice*)
Michael W. Lieberman (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel: (202) 264.2500
Fax: (202)628-5116
mlieberman@crowell.com

Jennifer S. Romano (SBN 195953)
Narain Kumar (SBN 301533)
Margaret Carroll Gomes (SBN 301929)
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, CA 90071
Tel: (213) 622-4750
Fax: (213) 622-2690
jromano@crowell.com
nkumar@crowell.com

*Attorneys for Defendants*

## ATTESTATION

I, Jason S. Cowart, am the ECF user whose ID and password are being used to file the above JOINT MOTION TO TRANSFER.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that listed counsel above has concurred in this filing.

/s/ *Jason S. Cowart*
Jason S. Cowart